NOT DESIGNATED FOR PUBLICATION

No. 112,514

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONALD BEARD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; GREGORY L. WALLER, judge. Opinion filed November 6, 2015. Affirmed in part and dismissed in part.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., MCANANY and BUSER, JJ.

*Per Curiam*: Ronald H. Beard, Jr., was convicted of three counts of attempted first-degree murder, two counts of aggravated battery, aggravated assault, and criminal discharge of a firearm. His convictions arose out of him shooting at an occupied vehicle after an altercation at the Club Rodeo in Wichita.

At sentencing in July 2012, the State asked the district court to sentence Beard on the primary count to 186 months in prison, the aggravated number in the appropriate sentencing guidelines grid block. The State further requested that the court impose a total

1

controlling sentence of 372 months, the maximum time allowable under the double rule. See K.S.A. 2014 Supp. 21-6819(b)(4).

The district court sentenced Beard to 176 months on the primary count, the mid number on the applicable grid block, and indicated that Beard's sentence would be capped at 352 months pursuant to the double rule. There followed this exchange:

> "[PROSECUTOR]: . . . [M]y understanding of double rule, and I understand if that's what you're ordering, 352, my understanding of the double is double the top number is what the Court can do and that's 372. So I just want to make sure we're on the same page as to what the Court's order is and what your intent is.
>
> "THE COURT: All right. Well, the—I will go ahead and just order 352 months at this point. Well, 372 because under the Sentencing Guidelines I've got to follow the required guidelines. So that will be the cap on this particular sentence. As I indicated Counts 1, 2, and 3 will run consecutive to one another. And the cap will be based upon the double-double rule.
>
> . . . .
>
> "Mr. Beard, I could have imposed quite a few more months but it doesn't really matter because under the law 372 months is the cap."

The journal entry reflected the 176-month sentence on the primary count with a 372-month controlling term.

In December 2012, the State moved to correct an illegal sentence, arguing that Beard's sentence was illegal because under K.S.A. 2014 Supp. 21-6819(b)(4), the court could impose only a sentence of double the base sentence, which was 352 months. But the State asserted that the "court's intent was clearly to impose the maximum possible sentence of 372 months, and therefore the State requests that the court conduct a resentencing in order to correct the illegal sentence imposed in this case." The hearing on the State's motion was held by the same judge who sentenced Beard in the first instance.

2

At the hearing, the prosecutor argued that the State had urged the court at the sentencing hearing to impose the aggravated number in the grid box for the primary crime, which would result in a 372-month sentence under the double rule. The prosecutor stated:

"I think there was some confusion over whether that was double the base sentence the Court imposes or whether it's just the double primary count of what's possible for the Court to order.

"So that's what we are requesting. The court did order midnumber to run three of the counts consecutive but did order the maximum possible of 372 months be imposed.

"As it turned out that's an illegal sentence because it's double the base sentence not double the maximum possible. Since the Court did midnumber, you can't get to the 372, it would be like 352. It was our understanding it was Court's intent to impose maximum possible sentence. So we ask the Court to resentence the defendant to the high number, to continue to run counts one, two, and three consecutive with the high number imposed, and to follow through with the 372 months."

The court agreed with the prosecutor, stating:

"It's quite clear from the record we have that the Court intended to impose a sentence of 372 months.

. . . .

". . . I will go ahead at this time and sentence in accordance with the law. I'll sentence to the midnumber on count one of 176 months. Actually I'll sentence on count one for a term of 186 months.

"I will sentence on count number two to a term of 165 months. I will impose in regard to court five a term of 43 months. I will order those sentence run consecutively, however, there will be a controlling 372 month sentence. Based upon the double double rule.

. . . .

". . . [I]t's my intention that we have a 372 month sentence. This would be accomplished by running counts one, two, and three consecutive to one another. The other counts being concurrent, but I would have a limit of 372 months."

3

Beard appeals his sentence. K.S.A. 2014 Supp. 21-6819(b)(4) provides, in relevant part:

>"The total prison sentence imposed in a case involving multiple convictions arising from multiple counts within an information, complaint or indictment cannot exceed twice the base sentence. This limit shall apply only to the total sentence, and it shall not be necessary to reduce the duration of any of the nonbase sentences imposed to be served consecutively to the base sentence."

K.S.A. 2014 Supp. 21-6804(e)(1) provides that the "sentencing court has discretion to sentence at any place within the sentencing range."

Beard's original sentence was illegal because the total sentence exceeded twice the base sentence in violation of K.S.A. 2014 Supp. 21-6819(b)(4). But the district court corrected the illegal sentence and imposed a presumptive sentence. Beard suggests that the district court was required to explicitly cite aggravating factors in order to impose the aggravated term on the primary count. Our Supreme Court has expressly rejected this argument. *State v. Johnson*, 286 Kan. 824, 851, 190 P.3d 207 (2008).

Our Supreme Court has approved the procedure followed here in its decision in *State v. Snow*, 282 Kan. 323, 342, 144 P.3d 729 (2006), *disapproved of on other grounds by State v. Guder*, 293 Kan. 763, 267 P.3d 751 (2012). The court held that when a defendant's original sentence violates the maximum consecutive sentence allowed by statute, the district court may resentence the defendant for all counts and change the base sentence to increase the total consecutive sentence. 282 Kan. at 342.

Our court held in *State v. Baldwin*, 24 Kan. App. 2d 12, 13, 941 P.3d 422 (1997), that if the original sentence is illegal because the controlling term violated the maximum consecutive sentence allowed, the district court may resentence the defendant on each individual count. Thus, the procedure used by the district court was proper.

4

With respect to the validity of the sentence imposed, K.S.A. 2014 Supp. 21-6820(c) provides that our appellate courts lack jurisdiction to review a sentence for a felony conviction if the sentence is "within the presumptive sentence for the crime." See *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012); *Johnson*, 286 Kan. 824, Syl. ¶ 6 (appellate court is without jurisdiction to consider a challenge to a presumptive sentence, even if the sentence is to the highest term in the presumptive grid block). Here, Beard does not argue that his sentence was illegal or that it falls outside of the presumptive sentencing range. Accordingly, we must dismiss this appeal for lack of jurisdiction to review a presumptive sentence.

Affirmed in part and dismissed in part.