No. 29,135.

THE STATE OF KANSAS, *Appellee*, v. F. C. WOODBURY, *Appellant*.

(298 Pac. 794.)

Opinion denying a rehearing filed May 9, 1931. (For original opinion of affirmance see 132 Kan. 22, 294 Pac. 928.)

*J. J. Schenck, F. A. Sloan, C. P. Schenck*, all of Topeka, *E. R. Sloan*, of Holton, and *F. M. Pearl*, of Hiawatha, for the appellant.

*William A. Smith*, attorney-general, *Harry A. Lanning*, county attorney, *S. M. Brewster* and *Charles Rooney*, both of Topeka, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The petition for rehearing in this case presents and argues questions, with one exception, that have been heretofore considered and on which conclusions were reached as expressed in the written opinion. The reargument of them was very properly and helpfully made in the light of and in connection with the reasons given and views announced in the opinion. But after full consider-

ation of the new suggestions and reargument made the court is not convinced of the duty or necessity of making any change in the opinion or the conclusions therein reached.

The one exception noted above is a new matter and different from anything that had been presented in the original briefs. It is with regard to the resentence directed to be made. The closing paragraph of the opinion was as follows:

"The judgment is affirmed, but the cause is remanded to the district court of Brown county with instructions to resentence the defendant, imposing the penalty in accordance with the law in effect at the time of the commission of the crime." (p. 35.)

The question is asked whether the resentence should apply to those counts only where the sentence given was wrong because it was made under the new law, while the crime charged was under the old law where the penalty was different from what it now is under the new law, or should the defendant be resentenced as to all the counts at one time? We answer this question by stating that there must be but one sentence. The resentence should cover all the counts, those where there was no mistake as well as those in which a mistake was found. The statute (R. S. 62-1512) and the well-established rule as to the sentence on any or all of the counts running concurrently or consecutively must apply to a single sentence delivered at one time only and covering all the counts on which conviction was had. Whatever concurrent or consecutive features or elements there may be prescribed by the court must all be a part of the one sentence imposed and pronounced by the court on one date only and at one time.

"A sentence is the judgment of the court before which the trial in a criminal case is had, formally declaring to accused the legal consequences of the guilt which he has confessed or of which he has been convicted." (16 C. J. 1265.)

"In a prosecution on an information containing a number of counts, the jury finding the defendant guilty of several of the offenses charged, the court should pronounce a single judgment declaring the full measure of punishment to be imposed for all such offenses." (*In re Beck,* 63 Kan. 57, 64 Pac. 971.)

With this explanation as to the matter of resentence, the petition for a rehearing is denied.

SMITH and SLOAN, JJ., not sitting.