(941 P.2d 422)
No. 75,016

STATE OF KANSAS, *Appellee*, v. RONALD BALDWIN, *Appellant*.

Opinion filed June 20, 1997.

*Joseph P. Huerter*, of Tenopir & Huerter, of Topeka, for appellant.

*Michael F. McElhinney*, assistant district attorney, *Joan M. Hamilton*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GREEN, P.J., ROYSE, J., and JENNIFER JONES, District Judge, assigned.

ROYSE, J.: Ronald Baldwin appeals his sentence for four counts of aggravated assault on a law enforcement officer. We affirm.

Ronald Baldwin was charged with four counts of aggravated assault on a law enforcement officer and three counts of aggravated assault for acts committed on March 31, 1995. Pursuant to a plea agreement, Baldwin pleaded no contest to the four counts of aggravated assault on a law enforcement officer in exchange for the dismissal of the three counts of aggravated assault. Baldwin's convictions and criminal history placed him in a 6-I box on the sentencing grid with a presumptive sentence of 17 to 19 months for each count. Because Baldwin used a firearm to commit the offenses, his presumptive sentence was imprisonment.

The plea agreement between Baldwin and the State called for a controlling sentence of 60 months. At sentencing, the prosecutor advised the court that the agreement could be accomplished by imposing a sentence of 20 months for each count—three counts to run consecutively and one count to run concurrent with the other three. The court accepted the agreement and sentenced Baldwin accordingly. The court noted that aggravating factors justified a durational departure for each of the counts.

The parties and the court later agreed that Baldwin's sentence violated K.S.A. 21-4720(b)(4), which provides that the total controlling sentence cannot exceed twice the base sentence. Baldwin's total controlling sentence (60 months) exceeded twice his base sentence (20 months). Baldwin filed a motion to correct illegal sentence, and the court resentenced Baldwin on July 7, 1995. The district court increased the base sentence to 38 months and reduced the sentences on the remaining three counts to 19 months. The court ordered the first and second counts to run consecutively and the remaining two counts to run concurrent with the first two. This gave Baldwin a total controlling sentence of 57 months. During resentencing, the court reiterated its previous findings justifying a departure as to each count.

On appeal, Baldwin argues that the district court erred in increasing his base sentence. Before turning to the merits, however, we first must consider the State's argument that this court lacks jurisdiction to hear this appeal.

K.S.A. 21-4721(c)(2) precludes appellate review of "any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." The statute does not preclude review of the resentencing issue raised here.

Baldwin acknowledges that the sentence originally imposed was illegal. An illegal sentence includes any sentence which does not conform to statutory provisions either in character or in the term of punishment authorized. *State v. Zirkle*, 15 Kan. App. 2d 674, Syl. ¶ 2, 814 P.2d 452 (1991). K.S.A. 22-3504 enables a court to correct an illegal sentence at any time. "Where a person convicted of a crime has never been legally sentenced, a proper sentence may

later be imposed." *State v. Osbey*, 238 Kan. 280, 288, 710 P.2d 676 (1985).

Baldwin takes the position, however, that the only illegality in his sentence was that the total of the consecutive sentences exceeded twice the base sentence. Baldwin reasons, therefore, that the district court was without authority to correct anything else in the sentence and, thus, could not alter the separate sentences imposed for each count. Baldwin concludes that he should receive a controlling sentence of 40 months (two consecutive 20-month sentences and two other concurrent 20-month sentences).

Baldwin cites no authority which squarely addresses the issue raised here. A similar situation, however, arose in *State v. Woodbury*, 132 Kan. 22, 294 Pac. 928 (1931). In *Woodbury*, the defendant was convicted of 10 counts of embezzlement. On appeal, the Supreme Court held that the sentence imposed on seven of those counts was improper, because the sentencing court had applied the wrong version of the statute. The case was remanded for re-sentencing. 132 Kan. at 35.

On remand, the district court resentenced the defendant on all 10 counts. *State v. Woodbury*, 133 Kan. 1, 2, 298 Pac. 794 (1931). Woodbury appealed the new sentence, and the Supreme Court affirmed. The court held that where a defendant is convicted on several counts of an information, the judge should pronounce a single judgment declaring the full measure of punishment to be imposed for all such offenses. 133 Kan. at 2; see *Osbey*, 238 Kan. at 287.

Based on the reasoning in *Woodbury*, we conclude the district court did not err in resentencing Baldwin. We also note that the parties negotiated a 60-month controlling sentence in this case. Baldwin's argument would permit him to obtain the full benefit of his plea agreement, while avoiding some of the burdens of that agreement.

Affirmed.