No. 101,632

STATE OF KANSAS, *Appellee*, v. ROLLAND D. GUDER, *Appellant.*

(267 P.3d 751)

Opinion filed January 27, 2012.

*Heather R. Cessna*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Terri L. Johnson*, county attorney, argued the cause, and *Steve Six*, attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: We have repeatedly held that the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*, governs the jurisdiction of courts to impose sentences. This appeal asks us to address the authority of district courts to modify sentences following remand from the appellate courts. We reiterate our earlier decisions holding that, in enacting the KSGA, the legislature intended to restrict the authority of district courts to modify sentences once the sentences have been pronounced from the bench.

Rolland D. Guder, the appellant, pleaded guilty to one count of unlawfully manufacturing a controlled substance, one count of cul-

tivating marijuana, four counts of criminally possessing a weapon, and one count of possessing drug paraphernalia.

On May 9, 2001, the district court sentenced Guder to a standard drug grid box term of 162 months' imprisonment for the manufacturing conviction; 15 months for the marijuana cultivation conviction, to run consecutive to the manufacturing sentence; 8 months for each of the weapons convictions, to run concurrent with the marijuana sentence; and 11 months for the paraphernalia conviction, to run concurrent with the weapons sentences. The controlling term was 177 months' imprisonment.

On May 17, 2001, Guder filed a timely notice of appeal through counsel. The appeal was not docketed, however, for nearly 7 years. On March 18, 2008, Guder filed a motion with the Court of Appeals to docket his appeal out of time. On April 3, 2008, the Court of Appeals granted the motion, and the appeal was finally docketed.

Guder then filed a motion for summary disposition, which the Court of Appeals granted by an order dated June 2, 2008. The Court of Appeals acknowledged that Guder's appeal had not been timely perfected and that he was entitled to relief under *State v. Phinney*, 280 Kan. 394, 407, 122 P.3d 356 (2005); *State v. Barnes*, 278 Kan. 121, 127-29, 92 P.3d 578 (2004); and *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 (2004), and reversed the original sentence for manufacturing a controlled substance. The order concluded: "The Appellant's sentence is vacated, and this case is remanded with directions to resentence Appellant at the appropriate crime severity level."

On August 19, 2008, the district court resentenced Guder. The court sentenced him in accordance with *McAdam* to a severity level 3D aggravated sentence of 32 months' imprisonment for the manufacturing conviction. The court also imposed a sentence of 15 months for the marijuana conviction, to be served consecutive to the manufacturing sentence; 8 months for each of the weapons convictions, to be served concurrent with the paraphernalia sentence; and 11 months for the paraphernalia conviction, to be served *consecutive* to the manufacturing sentence, for a controlling term of 58 months' imprisonment. The district court thus modified the manufacturing sentence as it was directed to do by the Court of

Appeals, but it also modified the paraphernalia sentence from concurrent to consecutive.

Guder filed a timely notice of appeal from the new sentence. The Court of Appeals affirmed (see *State v. Guder*, No. 101,632, unpublished opinion filed February 5, 2010), and this court granted Guder's petition for review. We note that Guder may have already served his sentence imposed with the modified severity levels, but we elect to address the issue on its merits because the situation is capable of repetition and raises concerns of public importance. See *State v. McKnight*, 292 Kan. 776, 778, 257 P.3d 339 (2011).

The interpretation of sentencing statutes is a question of law over which this court exercises unlimited review. *McKnight*, 292 Kan. at 780. Whether a district court has complied with the mandate of an appellate court is also a question of law. *Kansas Baptist Convention v. Mesa Operating Ltd. Partnership*, 258 Kan. 226, 231, 898 P.2d 1131 (1995).

At the core of this appeal is whether a district court may modify a previously imposed sentence on one conviction following a remand from an appellate court for resentencing based on a different conviction. Historically, Kansas district courts had considerable discretion to modify sentences following pronouncement from the bench. See *State v. Anthony*, 274 Kan. 998, 999, 58 P.3d 742 (2002).

Prior to 1992, when the KSGA was enacted, district courts had the authority to modify sentences on remand. In *State v. Woodbury*, 133 Kan. 1, 298 Pac. 794 (1931), this court found that a sentence pronounced following conviction is a singular entity that cannot be subdivided into correct and erroneous counts, and the sentencing court therefore had the latitude on remand to modify its original sentence on all counts, including those for which no error had been found. 133 Kan. at 2.

Subsequent cases have cited *Woodbury* as controlling authority for the proposition that a district court may resentence on all counts after an appellate court remands for resentencing on one count. See, *e.g.*, *State v. Snow*, 282 Kan. 323, Syl. ¶ 11, 144 P.3d 729 (2006); *State v. Finney*, 139 Kan. 578, 587-88, 32 P.2d 517

(1934). In the present case, the district court explicitly referred to *Woodbury* and *Snow* when it determined that it was required to resentence on all counts because they comprise a single, whole judgment. In affirming the sentence, the Court of Appeals also relied on *Woodbury* and *Snow*.

Statutory changes to the jurisdiction of district courts to modify sentences have superseded the *Woodbury* rationale. In *Anthony*, 274 Kan. at 1001, this court framed the relevant question this way: "Does statutory authority exist for the modification of legal sentences after imposition?" We concluded that a district court has no authority to modify a sentence unless plain statutory language provides such authority. 274 Kan. at 1002.

The 1992 amendments to the Kansas sentencing statutes deprived district courts of the jurisdiction to modify sentences except to correct arithmetic or clerical errors, to consider or reconsider departures from presumptive sentences, or to modify sentences by reinstating previously revoked probations. See *McKnight*, 292 Kan. at 779-83; *State v. McDaniel*, 292 Kan. 443, 445-46, 254 P.3d 534 (2011); *State v. Ballard*, 289 Kan. 1000, Syl. ¶ 10, 218 P.3d 432 (2009); *State v. Miller*, 260 Kan. 892, Syl. ¶ 2, 926 P.2d 652 (1996).

When it enacted the KSGA, our legislature explicitly addressed remands following reversal. K.S.A. 21-4720(b)(5) provides that, in the event that a *conviction* of the primary crime is reversed on appeal, the sentencing court is to follow all of the KSGA provisions concerning sentencing in multiple conviction cases.

Nothing in the statutory scheme, however, allows resentencing on other convictions following the vacating of a *sentence* on appeal. It is telling that the legislature expressly set out the authority of district courts to resentence on remand, without giving them authority to resentence on other convictions when only the *sentence* for the primary conviction is vacated. It is also telling that, in repealing the old statute and replacing it with a new version in 2010, the legislature retained the limitation to remands when the primary *conviction* is reversed. See L. 2010, ch. 136, sec. 300(b)(5). We will not add words to the statute that would provide jurisdiction to resentence on other counts when only the sentence on the primary conviction is vacated. This court ascertains the legislature's intent

through the statutory language it uses, and it will not read a statute to add something not readily found in it. *State v. Finch,* 291 Kan. 665, Syl. ¶ 2, 244 P.3d 673 (2011).

Although Guder's sentence was vacated, his conviction was not reversed. We find no language from the legislature allowing a district court to modify any of the sentences that were not vacated on appeal.

We therefore vacate the modification of Guder's sentence that rendered his sentence for the paraphernalia conviction consecutive to the manufacturing sentence, and we reverse the decision of the Court of Appeals affirming the district court. In doing so, we disapprove of the holding in *Snow* to the extent that it is contrary to this opinion.

Guder also complains that the use of his prior convictions as a factor in calculating his sentence violated his right to a trial by jury. We decline to depart from our previous holding to the contrary in *State v. Ivory,* 273 Kan. 44, 46-48, 41 P.3d 781 (2002), and its progeny.

We vacate the sentence imposed by the district court on August 19, 2008, and remand the case to the district court for resentencing consistent with this opinion.