NOT DESIGNATED FOR PUBLICATION

No. 113,750

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

JOSHUA ARNOLD,
*Appellee*.

MEMORANDUM OPINION

Appeal from Geary District Court; WILLIAM F. LYLE, JR., judge. Opinion filed March 18, 2016. Affirmed in part, vacated in part, and remanded with instructions.

*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before PIERRON, P.J., BRUNS and GARDNER, JJ.

*Per Curiam*: The State appeals from the district court's decision to resentence Joshua Arnold after he pled no contest to one count of possession of marijuana with intent to distribute while in possession of a firearm. The district court initially imposed a presumptive sentence with an additional 6 months for a firearm enhancement but—on its own motion—decided to reconsider Arnold's sentence. The district court then imposed a downward durational and dispositional departure sentence. On appeal, the State argues that the district court had no jurisdiction to resentence Arnold under the circumstances presented. Although this would normally be true, it appears from the record that the original sentence was illegal because the district court failed to make proper findings

1

when imposing the 6-month firearm enhancement. Thus, we vacate Arnold's sentence and remand this matter to the district court to impose its original sentence without the 6-month enhancement.

FACTS

On October 27, 2014, a law enforcement officer with the Geary County Sheriff's Department stopped a vehicle because of an obstruction on its windshield. Upon making contact with the driver, Arnold, the officer smelled a strong odor of raw marijuana. In searching the vehicle, law enforcement officers found 42 pounds of packaged marijuana and a .22 caliber pistol inside the vehicle. Subsequently, on November 4, 2014, the State charged Arnold with one count of possession of marijuana with intent to sell, deliver or distribute; one count of possession of a controlled substance without proper tax stamps affixed; and one count of conspiracy to possess marijuana with intent to sell, deliver, or distribute. The charging document included language that the two possession charges would be enhanced by an additional 6 months because Arnold possessed a firearm when he committed the crimes.

After the parties entered into a written plea agreement, Arnold pled no contest to an amended complaint filed on December 29, 2014, which charged him with only one count of possession of marijuana with intent to sell, deliver, or distribute plus an additional 6 months for possessing a firearm. The plea agreement stated only that the parties agreed to recommend the standard number in the appropriate gridbox based on Arnold's criminal history score and that the parties believed that Arnold would fall into a presumptive prison category. It further stated: "The Agreement to sentencing is open." The plea agreement did not mention the 6-month firearm enhancement. At the plea hearing, in addition to agreeing that the State could produce evidence regarding the drug possession with intent charge, Arnold also agreed that the State could come forward with "additional evidence about [a] firearm" that was allegedly found in the vehicle he was

2

driving at the time of his arrest and that his sentence could "potentially include an additional six months" to increase his sentence by 6 months for a potential sentence of 52 to 89 months in prison. However, Arnold did not stipulate or otherwise admit to the facts alleged by the State. Moreover, his attorney indicated that he would file a motion for departure prior to sentencing. Thereafter, the district court accepted Arnold's no contest plea and found him guilty without making any factual findings other than to state that there was "a factual basis to convert [Arnold's] plea to a finding of guilt."

On February 26, 2015, Arnold filed a motion for a dispositional departure sentence. In the motion, he argued that there were substantial and compelling reasons for the district court to depart to a probation sentence. Because the district judge who had presided over the plea hearing had subsequently retired, a senior judge presided over the sentencing hearing on March 6, 2015. At the conclusion of the hearing, the senior judge denied Arnold's motion to depart and sentenced him to the mitigated presumptive sentence of 52 months of imprisonment, which included an additional 6 months for carrying a firearm during the commission of the crime.

Ten days later on March 16, 2015, the senior judge filed a *sua sponte* motion to reconsider Arnold's sentence. Although the motion set a hearing date, it stated no grounds to justify resentencing. The following day, Arnold filed a notice of appeal. To date, it appears that Arnold's appeal has never been docketed in this court. Subsequently, on March 25, 2015, the State filed an objection to the district court's motion to reconsider Arnold's sentence, arguing that the district court lacked jurisdiction to reconsider the sentence.

On April 17, 2015, a hearing was held on the motion to reconsider. At the beginning of the hearing, the senior judge stated that this was the first time in his lengthy judicial career that he had filed his own motion to reconsider a sentence. He explained, "I did that after I thought about some other cases that I had where an indecent liberties with

3

a child was the finding, and some other things, and those people got sentenced to fewer months than I sentenced Mr. Arnold to for driving pot across Kansas." After the senior judge made his initial comments, the State argued that the district court lacked jurisdiction to reconsider Arnold's sentence. In response, Arnold's attorney argued that the original sentence was illegal because "no gun finding was made" on the record at the sentencing hearing. The senior judge also indicated that he did not recall making "a specific finding . . . on the record, about the drug enhancement—a drug with a firearm."

After hearing counsels' arguments, the senior judge stated, "I've never felt as I did about this case where I felt like I needed to make a correction on my sentence. . . ." The senior judge then went on "to reduce the sentence to 36 months" and to place Arnold on 36 months of probation. Although the senior judge had waived all fees at the original sentencing hearing, he ordered Arnold to pay 50 percent of his fees since he was being released. Ultimately, the senior judge recognized that although he may or may not have had jurisdiction, he was "doing what [he] considered to be the right thing."

On April 21, 2015, the State filed a notice of appeal from the senior judge's decision to modify Arnold's original sentence.

ANALYSIS

On appeal, the State argues that the district court lacked jurisdiction to modify Arnold's original sentence after it was announced on the record. Jurisdiction is a question of law over which we exercise unlimited review. *State v. Reed*, 302 Kan. 390, 396, 352 P.3d 1043 (2015). We also have unlimited review to the extent the determination of jurisdiction requires statutory interpretation. See *State v. Jolly*, 301 Kan. 313, 320, 342 P.3d 935 (2015).

Turning to the issue presented on appeal, it is important to recognize that a lawful criminal sentence is effective upon pronouncement from the bench. *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012); see *Abasolo v. State,* 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 (2007). Moreover, the Kansas Supreme Court has held:

> "After a *lawful* sentence has been imposed under the Kansas Sentencing Guidelines Act (K.S.A. 21-4701 *et seq.*) for a crime committed on or after July 1, 1993, committing a defendant to the custody of the Secretary of Corrections, *the sentencing court lacks jurisdiction:* (1) to modify the sentence except to correct 'arithmetic or clerical errors' pursuant to K.S.A. 21-4721(i); (2) to consider or reconsider departure from the presumptive sentence; or (3) to modify the sentence by reinstating a previously revoked probation." (Emphasis added.) *State v. Miller*, 260 Kan. 892, Syl. ¶ 2, 926 P.2d 652 (1996).

See also *State v. Guder*, 293 Kan. 763, 766, 267 P.3d 751 (2012) ("The 1992 amendments to the Kansas sentencing statutes deprived district courts of the jurisdiction [1] to modify sentences except to correct arithmetic or clerical errors, [2] to consider or reconsider departures from presumptive sentences, or [3] to modify sentences by reinstating previously revoked probations. [Citations omitted.]").

Furthermore, K.S.A. 2014 Supp. 21-6820(i) provides that the district court only retains authority "for 90 days after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical error."

Here, we are presented with a highly unusual procedural history in that the senior judge—not Arnold—filed the motion to reconsider in this case. Although the State argues that the senior judge had no jurisdiction to modify Arnold's sentence, it does not challenge the filing of the motion itself. Moreover, there is no allegation that the senior judge was simply attempting to correct an arithmetic or clerical error as permitted by K.S.A. 2014 Supp. 21-6820(i). Rather, Arnold suggests that the original sentence was

5

illegal and, as such, it could be corrected at any time. See K.S.A. 22-3504(1). Thus, we must first determine whether the original sentence was lawful before we can decide whether the district court had jurisdiction to modify it more than a month after it originally sentenced Arnold.

Under K.S.A. 22-3504(1), a sentence is illegal if it fits within the caselaw definition. In *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013), the Kansas Supreme Court indicated that an illegal sentence is "(1) a sentence imposed . . .without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous . . . ." Here, Arnold contends that the district court failed to make the appropriate finding under K.S.A. 2014 Supp. 21-6805(g)(1)(A) that he "carried a firearm to commit a drug felony, or in furtherance of a drug felony, possessed a firearm" in order to impose an additional 6 months of imprisonment above the presumptive sentence.

In support of his contention, Arnold argues that although the State brought up the 6-month sentence enhancement at the initial sentencing hearing, the senior judge never made a finding that Arnold carried a firearm during the commission of the crime. But K.S.A. 2014 Supp. 21-6805(g)(1)(A) does not require a district court to explicitly find that a defendant carried or possessed a firearm in the commission of a drug crime. Instead, it requires the "trier of fact" to make a finding that a defendant who committed a drug crime carried or possessed a firearm.

Specifically, K.S.A. 2014 Supp. 21-6805(g)(1)(A) states in relevant part:

"Except as provided further, *if the trier of fact makes a finding* that an offender carried a firearm to commit a drug felony, or in furtherance of a drug felony, possessed a firearm, . . . the offender shall be sentenced to:

6

"(A) . . . an additional 6 months' imprisonment." (Emphasis added.)

In the present case, Arnold entered a no contest plea. Although Arnold agreed on the record at the plea hearing that the State could come forward with sufficient evidence to prove that a firearm was found in the vehicle he was driving and under his control, he did not enter into a factual stipulation. Unlike a plea of guilty, which is an admission of the truth of the charge as well as every material fact alleged by the State, a no contest plea does not involve an express admission of guilt or of the material facts. *State v. Case*, 289 Kan. 457, 461, 213 P.3d 429 (2009). Moreover, in *Case* the Kansas Supreme Court found that a district court cannot impose a sentencing enhancement beyond the statutorily provided range based on the State's factual proffer in support of a no contest plea. It may only do so based on a defendant's admission of the necessary facts or a trier of fact's determination of them. See 289 Kan. at 467-68.

As indicated above, Arnold did not stipulate to or admit to carrying a firearm to commit a drug felony or in furtherance of a drug felony. Instead, Arnold simply answered affirmatively when the district judge who presided over the plea hearing asked him if he believed "the State could prove . . . additional evidence about the firearm?" Furthermore, the district judge did not make a finding regarding the firearm. Instead, the district judge simply found that there was "a factual basis to convert [Arnold's] plea to a finding of guilt." Accordingly, we conclude that there was no factual finding made that Arnold carried a firearm during the commission of the drug crime as required by K.S.A. 2014 Supp. 21-6805(g)(1)(A).

Because the required factual finding was not made, we further conclude that the enhancement of Arnold's sentence by 6 months based on K.S.A. 2014 Supp. 21-6805(g)(1)(A) was illegal because it did not conform to the applicable statutory provision. See *Trotter*, 296 Kan. at 902. As indicated above, illegal sentences may be corrected at any time. See K.S.A. 22-3504(1). However, the Kansas Supreme Court has

7

repeatedly stated that the relief available under K.S.A. 22-3504(1) is correction of an illegal sentence. *Trotter*, 296 Kan. at 902. Thus, although we find that the senior judge had jurisdiction to correct the illegal portion of Arnold's sentence, he did not have jurisdiction to use this as a basis to modify the legal portion of the original sentence. See *State v. Morningstar*, 299 Kan. 1236, 1243-45, 329 P.3d 1093 (2014) (citing *Guder*, 293 Kan. at 765-66); *Scaife v. State*, 51 Kan. App. 2d 577, 584-85, 350 P.3d 1 (2015).

We therefore affirm the modified sentence to the extent that it corrected the illegal portion of the original sentence—specifically the 6-month enhancement under K.S.A. 2014 Supp. 21-6805(g)(1)(A). But we vacate the remainder of the modified sentence and remand this case to the district court with directions to impose the legal portion of Arnold's original sentence.

Affirmed in part, vacated in part, and remanded with instructions.