NOT DESIGNATED FOR PUBLICATION

No. 114,664

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PAUL PRESTON STEWART,
*Appellant*.


MEMORANDUM OPINION

Appeal from Greenwood District Court; DAVID A. RICKE, judge. Opinion filed August 19, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, P.J., MCANANY and GARDNER, JJ.

*Per Curiam*: Paul Preston Stewart appeals the modification of his sentence 5 years after it was imposed from 24 months' postrelease supervision to lifetime postrelease supervision. This court granted Stewart's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). Because a court can correct an illegal sentence at any time and Kansas law required that Stewart be sentenced to lifetime postrelease supervision for his crime of aggravated indecent liberties with a child, the 2010 order sentencing him to 24 months of postrelease supervision was an illegal sentence. Accordingly, the district court did not err in correcting his sentence.

1

In 2010, Steward pled no contest to two counts of aggravated indecent solicitation of a child pursuant to K.S.A. 21-3511(a). Based on a criminal history score of A, and in accordance with a plea agreement, the district court sentenced Stewart to a controlling sentence of 136 months in prison, followed by 24 months of postrelease supervision. In 2015, the county attorney filed a motion to correct an illegal sentence. He noted that "[t]he defendant was sentenced to 24 months post-release supervision whereas lifetime post-release supervision is statutorily mandated." The district court granted the motion and Stewart appeals.

ANALYSIS

There is no dispute that the district judge that sentenced Stewart in 2010 told him he would be subject to 24 months of postrelease supervision. There is also no dispute that the plea agreement Stewart entered with the county attorney indicated that for the severity level of his crime, a severity level 5 nondrug person felony, he would be subject to 24 months' postrelease supervision. But the district court found that because an order of 24 months of postrelease supervision was an illegal sentence, the court was required to correct Stewart's sentence to lifetime postrelease supervision, as mandated by statute.

Whether a sentence is illegal is a question of law over which we have unlimited review. *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013). The court is allowed to correct an illegal sentence at any time. K.S.A. 22-3504(1). An illegal sentence includes one that does not conform to the applicable statutory provision in either the character or the term of authorized punishment. *State v. Lawson*, 296 Kan. 1084, 1099, 297 P.3d 1164 (2013). Once the district court pronounces a legal sentence from the bench, it does not have jurisdiction to modify that sentence absent statutory language allowing a

modification. *State v. McKnight*, 292 Kan. 776, 779, 257 P.3d 339 (2011); see *State v. Guder*, 293 Kan. 763, 766, 267 P.3d 751 (2012).

But when a defendant has been convicted of one of the statutorily defined sexually violent offenses, the district court does not have discretion to ignore the lifetime postrelease supervision requirement of K.S.A. 2010 Supp. 22-3717(d)(1)(G). *State v. Ballard*, 289 Kan. 1000, 1012, 218 P.3d 432 (2009); *State v. Baber*, 44 Kan. App. 2d 748, 753-54, 240 P.3d 980 (2010), *rev. denied* 296 Kan. 1131 (2013). A district court's failure to comply with the statute results in an illegal sentence. See 44 Kan. App. 2d at 754. Accordingly, it can be corrected at any time.

Stewart was convicted of aggravated indecent liberties with a child in 2010. "[P]ersons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." K.S.A. 2010 Supp. 22-3717(d)(1)(G). Aggravated indecent liberties with a child—Stewart's crimes of conviction—is categorized as a sexually violent crime under K.S.A. 2010 Supp. 22-3717(d)(2)(C).

The sentencing court was required to sentence Stewart to lifetime postrelease supervision in this case. Because it failed to do so at the original sentencing hearing, Stewart's original sentence was illegal. Accordingly, the district court order correcting Stewart's sentence to reflect the statutorily mandated lifetime postrelease supervision is affirmed.

Affirmed.