NOT DESIGNATED FOR PUBLICATION

Nos. 118,021
118,022

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FRANK L. CRUTCHFIELD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed June 1, 2018. Affirmed in part, vacated in part, and remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ATCHESON and BRUNS, JJ.

POWELL, J.: In *State v. Crutchfield*, No. 115,548, another panel of this court granted Frank L. Crutchfield relief under *Dickey I* and *II* and remanded the case for resentencing using the proper criminal history score. At resentencing, the district court modified the sequencing of Crutchfield's sentences not only for his challenged sentences which had been vacated by this court, but also for Crutchfield's other legal sentences which had gone unchallenged in the first appeal. Although Crutchfield's criminal history score was recalculated downward from A to E, his total term of incarceration increased

1

from 101 months to 106 months. Crutchfield now appeals his resentencing, claiming the district court was without authority to modify the legal sentences which were originally imposed and left undisturbed from the first appeal. We agree and, therefore, vacate the district court's modification of Crutchfield's legal sentences and remand with directions.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2010, a jury convicted Crutchfield of one count each of burglary, felony criminal damage to property, misdemeanor theft, and misdemeanor criminal damage to property in case 09CR1837. One month later, pursuant to a plea agreement that consolidated three separate cases—09CR2726, 09CR3051, and 10CR1093—Crutchfield entered guilty pleas to three counts of burglary, one count of felony theft, one count of misdemeanor theft, and one count of misdemeanor criminal damage to property.

On July 2, 2010, based on a criminal history score of A applied to the primary crime of burglary and applying a criminal history score of I to the other felony count, Sedgwick County District Judge Clark Owens sentenced Crutchfield in 09CR1837 as follows:

- Count 1: Burglary (felony) – 34 months in prison
- Count 2: Theft (misdemeanor) – 12 months in jail
- Count 3: Criminal damage to property (felony) – 7 months in prison
- Count 4: Criminal damage to property (misdemeanor) – 6 months in jail

The court ordered the two felony conviction sentences to be served consecutive to one another but ordered the misdemeanor sentences to be served concurrent with each other and the felonies. This gave Crutchfield a total controlling sentence in 09CR1837 of 41 months in prison and 12 months of concurrent jail time.

On the same day, again applying a criminal history score of A to the primary crime of burglary in 10CR1093 and applying a criminal history score of I to the other felony counts, Judge Owens sentenced Crutchfield in his consolidated cases—09CR2726, 09CR3051, and 10CR1093—as follows:

**09CR2726**

- Count 1: Burglary (felony) – 12 months in prison
- Count 2: Theft (misdemeanor) – 12 months in jail

**09CR3051**

- Count 1: Burglary (felony) – 12 months in prison
- Count 2: Theft (felony) – 6 months in prison
- Count 3: Criminal damage to property (misdemeanor) – 6 months in jail

**10CR1093**

- Count 1: Burglary (felony) – 30 months in prison

The court ordered that the sentences for the four felony convictions be served consecutive to one another but the sentences for the two misdemeanor convictions be served concurrent with each other and the felonies. This equated to a controlling sentence of 60 months in prison and 12 months of concurrent jail time. The district court ordered the sentence in the consolidated cases to run consecutively to Crutchfield's sentence in 09CR1837. Thus, Crutchfield's total sentence in all four cases was 101 months in prison with 24 months of concurrent jail time.

In 2014, Crutchfield moved to correct an illegal sentence, arguing that three prior burglary convictions in his criminal history—committed before enactment of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2017 Supp. 21-6801, et seq.—were improperly classified as person offenses in light of this court's opinion in *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015).

Crutchfield argued that, as a result, an incorrect criminal history score had been applied to the primary crimes in his two cases resulting in illegal sentences. District Judge John Kisner denied this motion on the grounds that *Dickey* was not to be applied to cases already final, and Crutchfield appealed to this court.

On January 31, 2017, this court issued an order granting Crutchfield his requested relief, which reads, in its entirety:

> "Based on a review of the records and briefs on file with the Clerk of the Appellate Courts it is clear that appellant is arguing that the trial court erred in including his three Kansas pre 1993 convictions for burglary as person crimes when computing his criminal history score for the present offenses contrary to our Supreme Court's decisions in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), and *State v. Dickey*, 305 Kan. 217, 380 P.3d 230 (2016) (*Dickey II*). The State concedes the error and we agree.

> "This sentence in this case is vacated and the case remanded to the district court for recalculation of appellant's criminal history score under *Dickey*. The Clerk of the Appellate [C]ourts is directed to file the mandate without delay."

The mandate issued by the Clerk of the Appellate Courts stated: "[I]t was ordered and adjudicated by the Court of Appeals that the appellant's sentence be vacated and the case remanded for recalculation of appellant's criminal history score."

Prior to resentencing, the district court requested a new presentence investigation reports (PSI) for 09CR1837 and the three consolidated cases. The PSI in the three consolidated cases reflected the addition to Crutchfield's criminal history of a previously overlooked conviction for no valid driver's license; this charge was included in the original PSI for 09CR1837. The PSIs also included two convictions in Crutchfield's criminal history that occurred subsequent to his original sentencing in July 2010—one for aggravated escape from custody and one for theft, both nonperson offenses. The PSIs

4

gave Crutchfield a new lower criminal history score of E. Parenthetically, we note the PSI for the consolidated cases incorrectly calculated the presumptive sentences for the nonprimary felony crimes by applying the new criminal history score to them as well, contrary to K.S.A. 2017 Supp. 21-6819(b)(5), which forbids the application of a defendant's criminal history score to calculate nonbase sentences.

On April 7, 2017, District Judge Christopher Magana resentenced Crutchfield. At resentencing, both parties agreed that Crutchfield's new criminal history score was E. Rather than resentencing Crutchfield on only the primary crimes to which the incorrect criminal history score had been applied, the court treated the sentencing as a "brand new sentencing" and modified Crutchfield's nonbase sentences as well.

Crutchfield was resentenced in 09CR1837 as follows:

- Count 1: Burglary (felony) – 23 months in prison
- Count 2: Theft (misdemeanor) – 12 months in jail
- Count 3: Criminal damage (felony) – 7 months in prison
- Count 4: Criminal damage (misdemeanor) – 6 months in jail

All of the sentences were ordered to run consecutive to one another for a total sentence of 30 months in prison followed by 18 months in jail. Thus, in 09CR1837, Crutchfield's new period of incarceration was 48 months, whereas his original sentence was 41 months of incarceration.

Crutchfield was also resentenced in his consolidated cases as follows:

**09CR2726**
- Count 1: Burglary (felony) – 19 months in prison

- Count 2: Theft (misdemeanor) – 12 months in jail

**09CR3051**

- Count 1: Burglary (felony) – 21 months in prison
- Count 2: Theft (felony) – 6 months in prison
- Count 3: Criminal damage (misdemeanor) – 6 months in jail

**10CR1093**

- Count 1: Burglary (felony) – 21 months in prison

We note that the primary crime of burglary in 10CR1093 contains a lower sentence due to the reduced criminal history score of E. However, the nonprimary felony crimes of burglary in 09CR2726 and burglary in 09CR3051 contain higher sentences, presumably as a result of the incorrect application of Crutchfield's criminal history score to those counts. As had been done at Crutchfield's original sentencing, the district court also ordered that the sentences for his burglary convictions in 09CR2726 and 10CR1093 run consecutive to one another. But the district court changed the concurrent or consecutive nature of the other sentences by ordering that all remaining sentences for the felony counts be served concurrent with the felony sentences referenced above and that all the sentences for misdemeanor counts be served consecutive to each other and to the felonies. Thus, Crutchfield's new controlling sentence in the consolidated cases was 40 months in prison followed by 18 months in jail for a total period of incarceration of 58 months, whereas under his original sentence it was 60 months of incarceration.

Finally, as had been done at the original sentencing, the district court ordered that Crutchfield's sentences in the consolidated cases run consecutive to his sentences in 09CR1837. Therefore, Crutchfield's new overarching sentence in all four cases was 70 months in prison followed by 36 months in jail, totaling 106 months of incarceration. As previously discussed, his original overarching sentence in all four cases was 101 months in prison with 24 months of concurrent jail time, totaling 101 months of incarceration.

6

Crutchfield's counsel filed a timely motion to reconsider the sequencing of the sentences on April 21, 2017. Crutchfield also filed a similar pro se motion.

Judge Magana took up these motions at a hearing on April 28, 2017. Among other things, Crutchfield's counsel argued that the district court had acted beyond the scope of this court's mandate by ordering that the sentences for the misdemeanor counts run consecutively and that the sentence was vindictive and retaliatory. The State countered that based on the remand for resentencing, there was no sentence of any kind in place, the legal position and posture of the district court was a position of presentencing, and the sentencing process started anew with new PSIs. The district court ultimately concluded:

> "So the remand from the Court of Appeals mandate in this matter simply vacated the sentence. It did not vacate the felony sentence and state that the misdemeanor sentences would stand. It did not place any sort of limitations that—and the Court was only to address certain issues. It vacated the sentences, sent it back for a recalculation following *Dickey*. That's what occurred. We got new PSIs.

> "So at that point there is no sentence in either case. The matter comes back for complete resentencing, based on the language of the remand, and that is what occurred."

Judge Magana then stated that if this court had intended to limit the scope of the remand, it would have done so explicitly and just vacated the sentences for the two primary felony crimes. Explained the court:

> "I would also note on another practical aspect of this, which is that any time a judge makes a sentence with multiple cases or one case and the judge is considering what overall sentence, amount of time in prison is appropriate, they look at whether they're going to give the low, mid, or high number, they decide whether that's sufficient. They decide whether additional time is necessary, whether counts are run consecutive as to felonies or whether misdemeanor time needs to be put into play.

7

> "I would assume Judge Owens made that same calculation and determined that the primary counts running consecutive under those situations were sufficient. I think a judge sentencing at a later date has that same ability to look at what they believe is an appropriate sentence for the crimes."

The district court denied the motions and determined that the remand for resentencing required resentencing on Crutchfield's felonies and misdemeanors and there was no merit to the allegation that the sentencing was vindictive and retaliatory.

Crutchfield timely appeals both his resentencing and the denials of the motions to reconsider. Both appeals have been consolidated by this court.

### DID THE DISTRICT COURT ERR IN RESENTENCING CRUTCHFIELD?

On appeal, Crutchfield argues the district court erred in his resentencing for two reasons: (1) the district court went outside the scope of this court's mandate because the remand did not permit a complete resentencing; and (2) the district court did not have authority to modify Crutchfield's legal sentences.

"Whether a district court has complied with the mandate of an appellate court is a question of law over which we exercise plenary review." *State v. Tafoya*, 304 Kan. 663, 666, 372 P.3d 1247 (2016). Known as the "mandate rule," K.S.A. 60-2106(c) provides:

> "When . . . a decision of an appellate court becomes final, such court shall promptly cause to be transmitted to the clerk of the district court its mandate containing such directions as are appropriate under the decision. A copy of the opinion of the court shall accompany and be a part of the mandate. . . . Such mandate and opinion, without further order of the judge, shall thereupon be a part of the judgment of the court if it is determinative of the action, or shall be controlling in the conduct of any further proceedings necessary in the district court."

8

First, we must determine the scope of the remand in Crutchfield's prior appeal. Crutchfield argues that the remand from this court did not permit a complete resentencing, only a resentencing of the primary crimes to which his incorrect criminal history score was applied. In response, the State argues that because this court knows how to properly tailor remands to limit their scope—and did not do so here—the district court did not err in the execution of the remand.

The State's argument is meritless. In *Tafoya*, 304 Kan. at 670, our Supreme Court held that "the substance of the Court of Appeals ruling controls over the form its ruling takes. 'The law of this state is realistic. Substance prevails over form.' [Citations omitted.]" Because of the nature of Crutchfield's first appeal and the en masse filings of appeals brought about by our Supreme Court's holdings in *Dickey I* and *II*, the State ultimately conceded error, and our court issued Crutchfield relief via an order, rather than a formal opinion, which contained admittedly broad remand language. However, a review of the briefs filed in that case and the original motion to correct an illegal sentence contained in the record on appeal indicate that there was no challenge made to the nonbase sentences to which Crutchfield's criminal history score was not applied. Crutchfield only challenged the application of his criminal history score of A to his two primary crimes—the two burglary convictions from 09CR1837 and 10CR1093. Therefore, the substance—rather than the form—of the remand was to vacate Crutchfield's base sentences for his primary crimes in 09CR1837 and 10CR1093. The district court went outside the scope of the remand.

Second, Crutchfield argues that because the district court exceeded the scope of the remand, it was without the legal authority to modify Crutchfield's other sentences. In response, the State argues that interpretation of the KSGA permits the resentencing of all convictions upon remand.

An illegal sentence, as contemplated by K.S.A. 22-3504(1), is "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' [Citations omitted.]" *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). K.S.A. 22-3504(1) provides that a court may correct an illegal sentence at any time. Further, an appellate court "may correct an illegal sentence *sua sponte*." *State v. Rogers*, 297 Kan. 83, Syl. ¶ 6, 298 P.3d 325 (2013). Determining the legality of a sentence is a question of law subject to our unlimited review. *State v. Warren*, 307 Kan. 609, 612, 412 P.3d 993 (2018).

"A sentence is effective when pronounced from the bench. A sentence is the judgment of the court that formally declares to the accused the legal consequences of his or her conviction. The final judgment in a criminal case is the sentence. Once sentence is pronounced and judgment entered, the district court loses jurisdiction over a criminal case except to correct arithmetic or clerical errors.

"Likewise, a district court has no authority to modify unchallenged sentences following a remand by an appellate court except when modification is needed to correct arithmetic or clerical errors. The only other exception occurs when a sentence is determined to be illegal within the meaning of K.S.A. 22-3504, which may happen at any time. Thus, on remand from a higher court, absent narrow exceptions, a district court's jurisdiction to resentence or otherwise deviate from an already pronounced sentence is limited to the express instructions contained in the higher court's mandate. [Citations omitted.]" *Tafoya*, 304 Kan. at 666-67.

The Kansas Supreme Court has "repeatedly held that the [KSGA] governs the jurisdiction of courts to impose sentences. . . . [I]n enacting the KSGA, the legislature intended to restrict the authority of district courts to modify sentences once the sentences have been pronounced from the bench." *State v. Guder*, 293 Kan. 763, 763, 267 P.3d 751 (2012). Once the district court has pronounced the sentence from the bench it may not

modify a sentence unless it has explicit statutory authority to do so. 293 Kan. 763, Syl. ¶ 2. The KSGA "does not grant district courts the authority to modify sentences following remand unless the primary *conviction* was reversed on appeal." (Emphasis added.) 293 Kan. 763, Syl. ¶ 3.

In *Guder*, the district court modified Guder's manufacturing a controlled substance sentence as directed by the Court of Appeals, but it also modified the possessing drug paraphernalia sentence from concurrent to consecutive. Our Supreme Court held:

"When it enacted the KSGA, our legislature explicitly addressed remands following reversal. K.S.A. 21-4720(b)(5) [now codified as K.S.A. 2017 Supp. 21-6819] provides that, in the event that a *conviction* of the primary crime is reversed on appeal, the sentencing court is to follow all of the KSGA provisions concerning sentencing in multiple conviction cases.

"Nothing in the statutory scheme, however, allows resentencing on other convictions following the vacating of a *sentence* on appeal. It is telling that the legislature expressly set out the authority of district courts to resentence on remand, without giving them authority to resentence on other convictions when only the *sentence* for the primary conviction is vacated. It is also telling that, in repealing the old statute and replacing it with a new version in 2010, the legislature retained the limitation to remands when the primary *conviction* is reversed. We will not add words to the statute that would provide jurisdiction to resentence on other counts when only the sentence on the primary conviction is vacated. This court ascertains the legislature's intent through the statutory language it uses, and it will not read a statute to add something not readily found in it.

"Although Guder's sentence was vacated, his conviction was not reversed. We find no language from the legislature allowing a district court to modify any of the sentences that were not vacated on appeal.

11

"We therefore vacate the modification of Guder's sentence that rendered his sentence for the paraphernalia conviction consecutive to the manufacturing sentence." 293 Kan. at 766-67.

"When multiconviction cases are remanded for resentencing, the [KSGA] prohibits district courts from modifying sentences that have not been vacated by the appellate court. An exception exists when the district court must alter such a sentence as a matter of law to avoid an illegal sentence." *Warren*, 307 Kan. 609, Syl. ¶ 1. Although not directly applicable here, we note that our Supreme Court recently held—while explicitly affirming *Guder*—that when a base sentence for a primary crime originally imposed concurrently to other sentences is vacated, the district court is prohibited from imposing such a sentence consecutively upon resentencing. 307 Kan. at 610.

Finally, in case there is any doubt, we specifically note that these rules also apply to misdemeanor sentences. Our research has not uncovered and the State has not provided any authority suggesting otherwise. The only difference we find with regard to misdemeanor sentencing is that K.S.A. 2017 Supp. 21-6608(b) allows a district court the discretion to grant parole to a misdemeanant incarcerated in the county jail even after the court has imposed a lawful misdemeanor sentence.

Here, Crutchfield's primary convictions were not reversed on appeal, and the KSGA did not permit the district court to modify Crutchfield's nonbase sentences that were not vacated by this court unless such a modification was needed to avoid an illegal sentence or to correct arithmetic or clerical errors. As our court only vacated Crutchfield's base sentences because Crutchfield's incorrect criminal history score was applied only to those primary crimes and Crutchfield made no challenge to any of his nonbase sentences on appeal, we hold that the district court both exceeded the scope of this court's mandate and was without the legal authority to modify Crutchfield's nonbase sentences.

Accordingly, we hold that Crutchfield's base sentence for the primary crime of burglary in 09CR1837, which the district court ordered upon resentencing to be 23 months in prison, is a legal sentence and is affirmed. Similarly, we hold that Crutchfield's base sentence for the primary crime in his consolidated cases, burglary in 10CR1093, which the district court ordered upon resentencing to be 21 months, is a legal sentence and is affirmed. Given that Crutchfield's nonbase sentences were not rendered illegal by this court's earlier remand order and could not be modified, we simply vacate any of the district court's alterations of these sentences and reinstate Crutchfield's original nonbase sentences. The case is remanded to the district court to prepare a revised sentencing journal entry to reflect the following legal sentences already imposed from the bench:

**09CR1837**
Count 1:  Burglary (felony) (primary crime) – 23 months in prison
Count 2:  Theft (misdemeanor) – 12 months in jail
Count 3:  Criminal Damage to Property (felony) – 7 months in prison
Count 4:  Criminal Damage to Property (misdemeanor) – 6 months in jail

As originally sentenced, the sentence for count 3 is to run consecutive to the sentence for count 1, while the sentences for counts 2 and 4 are to run concurrently, for a total term of incarceration of 30 months.

**09CR2726**
Count 1:  Burglary (felony) – 12 months in prison
Count 2:  Theft (misdemeanor) – 12 months in jail
**09CR3051**
Count 1:  Burglary (felony) – 12 months in prison
Count 2:  Theft (felony) – 6 months in prison
Count 3:  Criminal Damage to Property (misdemeanor) – 6 months in jail

13

**10CR1093**

Count 1:  Burglary (felony) (primary crime) – 21 months in prison

As originally sentenced, the sentence for count 1 in 09CR2726 is to run consecutive to the sentence for count 1 in 10CR1093, and the sentences for counts 1 and 2 in 09CR3051 are to run consecutive to each other, to the sentence for count 1 in 09CR2726, and to the sentence for count 1 in 10CR1093. All other counts in the consolidated cases are to run concurrently for a total term of incarceration of 42 months. We also note that consecutive prison sentences cannot exceed twice the base sentence, which in the consolidated cases is 21 months. See K.S.A. 2017 Supp. 21-6819(b)(4). If such a rule were not in place, the total term of incarceration would otherwise be 51 months. Finally, the sentence for 09CR1837 is to run consecutive to the sentence in the consolidated cases, giving Crutchfield a total overarching sentence for all four cases of 72 months in prison.

The judgment of the district court is affirmed in part, vacated in part, and remanded with directions.