NOT DESIGNATED FOR PUBLICATION

No. 124,433

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CODY MICHAEL LAMIA-BECK,
*Appellant*.


MEMORANDUM OPINION

Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Opinion filed February 3, 2023. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before CLINE, P.J., ISHERWOOD, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Cody Michael Lamia-Beck plead guilty to second-degree murder and the parties agreed to recommend the aggravated sentence in the appropriate grid box. Lamia-Beck's sentence should have been imposed from the non-drug grid block where the crime severity rating of 1 and Lamia-Beck's criminal history score of I intersect. But the district court erroneously looked to the corresponding grid block on the drug grid and imposed its aggravated term of 154 months. The State later noticed the error and moved to correct what it alleged was an illegal sentence. The district court granted the motion and imposed a 165-month sentence, the aggravated number in the appropriate non-drug grid block. Lamia-Beck appeals arguing the district court lacked subject matter

1

jurisdiction to impose the 165-month sentence because the 154-month sentence was not illegal given that it fell within the sentencing range of the proper grid block. The district court properly corrected the sentence. By statute, absent any departure, the sentence imposed must hail from the precise grid box corresponding with an offender's criminal history and the severity level of their crime of conviction. The fact the duration of the original, faulty sentence fell within the proper range is of no moment. It derived from the wrong grid and therefore did not conform with the governing statutory provision. As a result, it was illegal and could not be permitted to stand.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Cody Michael Lamia-Beck with one count of first-degree murder or, in the alternative, one count of second-degree murder for the death of Jacob Dillan Bouck. Lamia-Beck ultimately pled no contest to one count of second-degree murder, a severity level 1 person felony, and the parties jointly agreed to recommend the aggravated sentence in the appropriate grid box. The district court accepted the plea and proceeded to sentencing.

At the sentencing hearing, the court found, and the parties agreed, that Lamia-Beck had a criminal history score of I. The court then sentenced Lamia-Beck to 154 months in the Department of Corrections. The court explained: "Having been convicted of murder in the second degree in violation of 21-5403, a severity Level 1 person felony, your criminal history score being 'I', I will impose, frankly, the maximum sentence the law would allow, which is 154 months."

Roughly three days later, the State filed a motion to correct sentence. It asserted that Lamia-Beck's sentence was illegal because the district court erroneously used the drug grid, rather than the non-drug grid, when imposing Lamia-Beck's sentence. Lamia-Beck responded and argued his sentence was not illegal because despite the court's use of

2

the wrong grid, the term imposed, 154 months, still fell within the range set forth in the appropriate box, 147-165.

The district court held a hearing on the motion and the State argued that the court should resentence Lamia-Beck in order to correct an illegal sentence. As support, it first noted that the 154-month sentence failed to place Lamia-Beck on equal footing with others convicted of second-degree murder. It next suggested that using the drug grid "was an obvious clerical error" and intimated the PSI, which also used the drug grid in its sentencing recommendation, failed to track K.S.A. 2018 Supp. 21-6813 and the sentencing statutes. Finally, the State noted that the 154-month sentence violated the plea agreement.

Lamia-Beck remained firm in his position that the sentence was not illegal. He conceded that the plea agreement contemplated a term of 165 months, the aggravated number in the appropriate box, but argued his 154-month sentence still fell within the range reflected in the non-drug grid box. Lamia-Beck asserted that neither a clerical error nor a violation of the plea agreement met the limited criteria for an illegal sentence, thus, the court lacked jurisdiction to modify it.

After hearing arguments, the district court explained: "You know, these sentences are set by statute, and the grid-block for the defendant's conviction should have been the mitigate 147, median 155, and aggravated 165, and the parties—that's the grid-block that should have been used. An incorrect one was used. It's an illegal sentence." The court granted the State's motion and resentenced Lamia-Beck to a prison term of 165 months.

Lamia-Beck timely brings the matter to us to analyze the legality of the district court's decision.

3

*The district court properly corrected Lamia-Beck's illegal sentence.*

On appeal, Lamia-Beck maintains that his original sentence was not illegal and, because it was not, the district court lacked jurisdiction to resentence him to a prison term of 165 months. The State holds true to its position that the initial 154-month sentence was illegal because it was not a product of the proper non-drug grid box.

*Standard of Review*

This court exercises unlimited review over issues that question the legality of a sentence. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). We also have unlimited review over jurisdictional questions. *State v. Lundberg*, 310 Kan. 165, 170, 445 P.3d 1113 (2019). Finally, in so far as this issue requires interpretation of the relevant statutes, we exercise unlimited review over those matters as well. *Jarvis v. Dept. of Revenue*, 312 Kan. 156, 159, 473 P.3d 869 (2020). "All Kansas courts use the same starting point when interpreting statutes:  The Legislature's intent controls. To divine that intent, courts examine the language of the provision and apply plain and unambiguous language as written." 312 Kan. at 159. In doing so, courts must give "common words their ordinary meaning." *State v. Ryce*, 303 Kan. 899, 906, 368 P.3d 342 (2016). "If the Legislature's intent is not clear from the language, a court may look to legislative history, background considerations, and canons of construction to help determine legislative intent." *Jarvis*, 312 Kan. at 159.

Kansas felonies are classified as either grid, off-grid, or nongrid. *State v. Fowler*, 311 Kan. 136, 139, 457 P.3d 927 (2020). Sentences for grid felonies are then further compartmentalized in either the drug grid or the non-drug grid. 311 Kan. at 140. See K.S.A. 2021 Supp. 21-6804; K.S.A. 2021 Supp. 21-6805. The grids have two axes, with

the horizontal axis determined by the offender's criminal history score and the vertical axis determined by the crime's severity level. 311 Kan. at 140. These axes intersect to form "grid block[s]," which "sets a presumptive sentencing range and indicates a presumptive disposition of either imprisonment or nonimprisonment." 311 Kan. at 140. A presumptive sentence is "the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the offender's current crime of conviction and the offender's criminal history." K.S.A. 2021 Supp. 21-6803(q). The grid blocks contain three numbers. Generally, sentencing recommendations correspond with the middle number and the higher and lower numbers are reserved for aggravating or mitigating circumstances. K.S.A. 2021 Supp. 21-6804(e)(1); K.S.A. 2021 Supp. 21-6805(c)(1). "'The sentencing court has discretion to sentence at any place within the sentencing range.'" 311 Kan. at 140 (quoting K.S.A. 2015 Supp. 21-6804[e][1]).

At the original sentencing proceeding, the district court appeared to believe the appropriate grid block for Lamia-Beck carried an aggravated term of 154 months. This misunderstanding may have been a product of the original presentence investigation (PSI) report. That report conveyed that the sentencing range for Lamia-Beck's second-degree murder conviction, with a criminal history score of I, was between 138 and 154 months. That range mistakenly correlated with the drug grid rather than the non-drug grid. K.S.A. 2018 Supp. 21-6804; K.S.A. 2018 Supp. 21-6805.

After the court imposed a prison term of 154 months, it granted the State's motion to correct an illegal sentence and resentenced Lamia-Beck to the aggravated number in the non-drug grid box. So the issue we are called upon to resolve is whether a sentence is illegal if the district court uses the wrong sentencing grid but the sentence imposed nevertheless falls within the sentencing range of the proper grid.

Pursuant to K.S.A. 22-3504(c)(1), an illegal sentence is:

"'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.'" *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019) (quoting *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 [2014]).

Unless a sentence is illegal or contains a clerical or arithmetic error, a district court may not resentence the offender because the court loses subject matter jurisdiction once the sentence is pronounced from the bench. *State v. Johnson*, 309 Kan. 992, 996, 441 P.3d 1036 (2019). See K.S.A. 2021 Supp. 21-6820(i). But a district court may correct an illegal sentence at any time. K.S.A. 2021 Supp. 22-3504(a)-(b).

Here, the district court pronounced the 154-month sentence, which fell within the sentencing range of the appropriate grid box, but then later resentenced Lamia-Beck to 165 months in prison after concluding the original sentence was illegal. Lamia-Beck now argues it is that new, 165-month sentence that is illegal because the district lacked jurisdiction to impose it and offers a dual pronged argument in support of his contention.

First, Lamia-Beck contends that a sentencing error does not offer legitimate grounds for resentencing. He directs us to two cases to assist with the analysis, beginning with *State v. McKnight*, 292 Kan. 776, 257 P.3d 339 (2011). In that case, McKnight pleaded guilty to possession of marijuana with intent to distribute. The district court imposed a 30-month prison term but suspended the sentence and granted McKnight 18 months of probation. The court also ordered McKnight to serve 24 months of postrelease supervision. McKnight's probation was ultimately revoked and the court imposed a modified prison sentence of 22 months without postrelease supervision. The latter modification was made because the court believed it could not impose postrelease supervision if the revocation of McKnight's probation stemmed from mere technical violations. The State filed a motion to correct an illegal sentence. At a hearing on the motion, the district court explained it made a mistake when it eliminated postrelease

supervision and then modified McKnight's sentence to reattach that 24-month obligation. McKnight appealed, this court affirmed, and the Kansas Supreme Court granted review but reversed the decision of this court. It found that the pronouncement from the bench controlled, regardless of the court's intent. 292 Kan. at 783; see also *Abasolo v. State,* 284 Kan. 299, 310, 160 P.3d 471 (2007) (noting "a sentence is effective once it is announced from the bench, regardless of the court's intent at the time of pronouncement"); *State v. Robinson*, No. 117,173, 2018 WL 1545677, at *2 (Kan. App. 2018) (unpublished opinion) (noting "intent matters not at all" and "[w]hat the sentencing court may have intended is irrelevant").

In support of its conclusion, the *McKnight* court explained that under K.S.A. 22-3716(b), a trial court could "require the defendant to serve the sentence imposed, or any lesser sentence" following a probation revocation. 292 Kan. at 780. It determined that the district court's pronouncement of sentence at McKnight's revocation hearing, which did not include postrelease supervision, was properly characterized as a "lesser sentence" and therefore not illegal. It clarified that it was irrelevant whether the district court was mistaken and reversed the district court's after-the-fact imposition of postrelease supervision. 292 Kan. at 783.

Lamia-Beck next directs our focus to *State v. Masterson*, No. 121,153, 2020 WL 4722997 (Kan. App. 2020) (unpublished opinion). There, Masterson pleaded guilty to three counts of sexual exploitation of a child and the parties recommended an upward durational departure based on three factors. At sentencing, and with the consent of both parties, the district court imposed the standard 32-month sentences for each conviction. It then ordered the sentences in counts I and II to run consecutive while the sentence in count III would run concurrently, resulting in a total sentence of 64 months. The court then departed upward and imposed a 105-month sentence. 2020 WL 4722997, at *2.

Masterson filed a motion to correct an illegal sentence arguing the district court erred by failing to upwardly depart on each individual count. He also asserted that, when recalculating his sentence, the district court could only correct the illegal departure and could not modify the legal and consecutive 32-month sentences in counts I and II, thereby requiring the court to impose a total sentence of 64 months. The State conceded the "mechanics" of the departure were unlawful, and the district court vacated Masterson's sentence. 2020 WL 4722997, at *2. It reimposed a total prison term of 105 months by upwardly departing on count I for a sentence of 53 months and on count II with a sentence of 52 months. Masterson appealed to this court and argued the district court erred because it did not have jurisdiction to vacate his legal sentences in counts I, II and III. This court reversed and remanded to the district court with instructions to impose a 64-month controlling sentence because, even though "the district court mistakenly failed to depart on the individual sentences it imposed on Masterson," the 32-month consecutive sentences were still legal sentences and could not be disturbed on appeal. 2020 WL 4722997, at *10, 13.

In these cases, it was clear that mere sentencing errors, in and of themselves, did not provide sufficient justification for the district court to later modify a sentence. Instead, the appropriate analysis was to consider whether the sentence, regardless of any potential mistake, was illegal. As such, Lamia-Beck is correct that we may not find the district court acted appropriately because it was simply correcting a mistake. Thus, we must also consider whether the 154-month sentence was illegal as defined by K.S.A. 2021 Supp. 22-3504(c)(1).

Lamia-Beck's second argument for why his original 154-month sentence was not illegal is that it fell within the presumptive sentencing range identified in the appropriate non-drug grid block. As support, he cites to K.S.A. 2021 Supp. 21-6820, which provides that an appellate court may not review a sentence arising from a felony conviction if the sentence "is within the presumptive sentence for the crime." K.S.A. 2021 Supp. 21-

8

6820(c)(1). He also highlights several cases in which the appellate court found the district court erred by disturbing a presumptive sentence.

In *State v. Guder*, 293 Kan. 763, 267 P.3d 751 (2012), Guder pleaded guilty to manufacturing a controlled substance, cultivating marijuana, four counts of criminal possession of a weapon, and one count of possession of drug paraphernalia. This court reversed Guder's manufacturing sentence and remanded for the district court to resentence him in accordance with the appropriate crime severity level. On remand, the district court resentenced Guder to an appropriate sentence on the manufacturing charge, but also modified his sentence for possession of drug paraphernalia from concurrent to consecutive. Guder appealed, this court affirmed, and the Kansas Supreme Court granted review.

The court explained that, prior to the Legislature enacting the Kansas Sentencing Guidelines Act (KSGA) in 1992, "district courts had considerable discretion to modify sentences following pronouncement from the bench." 293 Kan. at 765. They were free to resentence on all counts even when an appellate court remanded for resentencing on one count. *Guder*, 293 Kan. at 765. But with the enactment of the KSGA, district courts were only permitted to resentence on the specific sentence that was vacated. Accordingly, Guder's case was reversed and remanded because the district court overstepped its resentencing boundaries. 293 Kan. at 767.

Lamia-Beck also cites to *State v. Warren*, 307 Kan. 609, 609-10, 412 P.3d 993 (2018), and *State v. Moore*, 309 Kan. 825, 828-29, 441 P.3d 22 (2019), both of which cite *Gruder* and involve similar scenarios where the district court improperly modified sentences that were not vacated on appeal. But these cases have limited applicability because the initial determination—whether to even vacate—is where our focus lies, not the appropriate boundaries for resentencing upon remand.

We find *State v. Hankins*, 304 Kan. 226, 372 P.3d 1124 (2016), useful in resolving the issue before us. In that case, Hankins pleaded guilty to several felonies and his PSI revealed he had a criminal history score of G based on two prior misdemeanors and one nonperson felony. Based on this score, the district court informed Hankins that the presumptive sentence range for his primary offense was 68 to 77 months and sentenced him to 68 months. Hankins pursued then dismissed a direct appeal and filed a motion to correct an illegal sentence arguing the Oklahoma felony contributing to his criminal history score of G should not have been included because he received a deferred judgment, not a conviction, for that offense. The Kansas Supreme Court agreed, vacated Hankins' sentence, and remanded for the district court to sentence him using the proper criminal history score.

Relevant to this appeal, the State argued in *Hankins* that a remand was unnecessary because Hankins' original sentence, 68 months, fell within the presumptive range of the appropriate grid box which did not include Hankins' Oklahoma felony in his criminal history. Put differently, much like Lamia-Beck argues here, the State argued Hankins' original sentence was legal because it fell within the appropriate sentencing range. The Kansas Supreme Court rejected that contention and explained:

> "But the KSGA defines 'presumptive sentence' as 'the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the current crime of conviction and the offender's criminal history.' (Emphasis added.) K.S.A. 21-4703(q). The judge did not select the 68-month sentence from within the grid block for which Hankins was classified, negating its status as a presumptive sentence, i.e., a sentence that conforms to the statutory provision." 304 Kan. at 238.

Lamia-Beck acknowledges *Hankins* but argues that while the court failed to recognize Hankins' sentence fell within the presumptive range, later rulings from the court reflect that a sentence which falls within the presumptive range is legal and cannot

10

be changed later. He cites to *Guder*, *Warren*, and *Moore*, but again, those cases are not relevant to the question of whether using the correct grid block on the wrong grid is an illegal sentence. Moreover, this court has rejected Lamia-Beck's argument in post-*Hankins* opinions. See *State v. Comstock*, No. 119,675, 2019 WL 1413013, at *4 (Kan. App. 2019) (unpublished opinion) ("The problem with the State's argument is that just because a sentence is within the proper sentencing guidelines range does not make the sentence legal."); *State v. Owens*, No. 117,317, 2018 WL 5851529, at *10 (Kan. App. 2018) (unpublished opinion) (citing *Hankins* for the proposition that "sentence length within proper range does not make sentence legal").

The argument rejected in *Hankins* mirrors Lamia-Beck's and there is no justification for disparate treatment. Thus, applying *Hankins*, Lamia-Beck's original sentence was not presumptive and did not conform to the statutory provision because the court selected it from the wrong grid. See K.S.A. 2021 Supp. 21-6804(a) (non-drug grid); K.S.A. 2021 Supp. 21-6805(a) (drug grid); K.S.A. 2021 Supp. 21-5403(b)(1) (defining intentional second-degree murder as a severity level 1 person felony); K.S.A. 2021 Supp. 21-6803(q) (A presumptive sentence is in the "grid block for an offender classified in that grid block by the combined effect of the crime severity ranking *of the offender's current crime of conviction* and the offender's criminal history.") (Emphasis added.). The district court had jurisdiction to vacate Lamia-Beck's 154-month sentence and impose the 165-month sentence.

Affirmed.

11