IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 117,275

STATE OF KANSAS,
*Appellee*,

v.

DOMINIC J. MOORE,
*Appellant*.

SYLLABUS BY THE COURT

1.

Interpretation of a sentencing statute is a question of law over which an appellate court exercises unlimited review.

2.

Whether a district court has complied with the mandate of an appellate court is a question of law over which an appellate court has unlimited review.

3.

Under the facts of this case, the district court on remand erred by changing the life sentence from running concurrent with, to consecutive to, the defendant's sentences for his two nonvacated on-grid crimes. The court also erred by modifying the defendant's two nonvacated, on-grid sentences in length and sequence.

Appeal from Wyandotte District Court; BILL KLAPPER, judge. Opinion filed May 10, 2019. Sentence vacated in part and case remanded with directions.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, was on the brief for appellant.

1

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: Dominic Moore challenges his resentencing by the district court after we vacated the original hard 50 life sentence for his premeditated first-degree murder conviction because the sentence was unconstitutional. *State v. Moore*, 302 Kan. 685, 357 P.3d 275 (2015). On remand, the district court imposed a hard 25 life sentence (lifetime sentence without the possibility of parole for 25 years) for that conviction. And, it changed the life sentence from concurrent with, to consecutive to, the sentences for the convictions for Moore's two on-grid crimes. For those crimes, the court also changed his two nonvacated sentences in length and sequence.

We conclude the district court could not resentence Moore's two nonvacated, on-grid sentences, i.e., in length of months. Nor could that court change them from running concurrent to consecutive—to each other and to the hard 25. So we vacate them and remand for resentencing. There, Moore's original 195-month and 155-month concurrent sentences for his second-degree murder and attempted first-degree murder convictions shall be reinstated. And they shall run concurrent with each other and his new hard 25 sentence for premeditated first-degree murder.

FACTS AND PROCEDURAL HISTORY

Dominic Moore and his codefendant, Cedric Warren, were tried together for the shooting deaths of Charles Ford and Larry LeDoux and attempted shooting of Brandon Ford during an attempted drug-house robbery. The jury convicted both Moore and Warren of (1) premeditated first-degree murder; (2) intentional second-degree murder; and (3) attempted premeditated first-degree murder. The district court imposed the hard

2

50 life sentence for the off-grid first-degree premeditated murder convictions for both Moore and Warren. For the other two crimes, the court imposed gridbox sentences. Moore had one prior felony conviction so his two gridbox sentences were 195 months for second-degree murder and 155 months for attempted premeditated first-degree murder. The court also ordered all three of Moore's sentences to run concurrent.

Because Warren did not have any prior convictions, his gridbox sentences were 155 months for second-degree murder and 155 months for attempted premeditated first-degree murder. The court also ordered all three of Warren's sentences to run concurrent. Both Moore and Warren appealed. This court affirmed their convictions but vacated the hard 50 sentences because of *Alleyne v. United States*, 570 U.S. 99, 111-17, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). *Moore*, 302 Kan. 685; *State v. Warren*, 302 Kan. 601, 356 P.3d 396 (2015).

On remand, the State chose not to seek the hard 50 for the first-degree murder convictions, which would require impaneling a jury and presenting facts to support the requested sentence. Instead, the State chose to seek the hard 25, which the judge could constitutionally impose without a jury. Before resentencing, Moore filed a motion arguing that the court's jurisdiction to resentence him was limited to the vacated sentence only. Because the two on-grid sentences had not been vacated, he argued they were lawful and the court thus lacked jurisdiction to change them. As such, the on-grid sentences had to continue to run concurrent to each other and to the sentence the court imposed for the off-grid conviction. In the alternative, if the court held that it did have jurisdiction over the on-grid sentences, Moore requested downward durational departures.

The district court resentenced Moore and Warren together, imposing the hard 25 for both of them. Further, the court concluded it did have jurisdiction over the nonvacated

sentences and accordingly modified both their duration and concurrent nature. For the second-degree murder conviction, the court granted Moore a downward durational departure to 150 months (34 months less than the mitigated sentence). For the attempted first-degree murder conviction, the court imposed 150 months (in-between the standard and mitigated gridbox sentences). Then, the court ordered that all three sentences be modified from being concurrent to consecutive.

The court made the same modifications to the duration and concurrent nature of Warren's sentences. Warren received a gridbox sentence of 150 months—reduced from the original sentence of 155 months—for each of the two on-grid convictions. As it had for Moore, the court ordered all three of Warren's sentences to be modified from concurrent to consecutive.

Our jurisdiction is under K.S.A. 2018 Supp. 22-3601(b)(3) (life sentence imposed).

ANALYSIS

Issue: *The district court erred in resentencing Moore's two nonvacated on-grid sentences and ordering all three counts to run consecutive.*

Moore argues that in his first direct appeal this court only vacated his hard 50 sentence for first-degree murder. Because we did not vacate his on-grid sentences for second-degree murder and attempted first-degree murder, he claims the district court erred in modifying their duration and concurrent nature on remand. He asks that the original sentences for those convictions be reinstated. The State responds that the district court properly exercised its authority under the Kansas Sentencing Guidelines Act,

4

K.S.A. 2018 Supp. 21-6801 et seq. (KSGA) and fulfilled this court's mandate, which was for resentencing anew.

*Standard of review*

Moore's arguments require us to interpret sentencing statutes. Their interpretation is a question of law over which this court exercises unlimited review. Similarly, whether a district court has complied with the mandate of an appellate court is also a question of law over which we have unlimited review. *State v. Guder*, 293 Kan. 763, 267 P.3d 751 (2012).

*Discussion*

Moore filed a letter under Rule 6.09 (2019 Kan. S. Ct. R. 39) citing our recent decision in his codefendant's case, *State v. Warren*, 307 Kan. 609, 412 P.3d 993 (2018). In *Warren*, we held that when multiconviction cases are remanded for resentencing, the KSGA prohibits district courts from modifying sentences that have not been vacated by the appellate courts. We further held that by modifying the off-grid sentence to run consecutive to the on-grid sentences, the district court improperly modified the sentences that had not been vacated on appeal. Moore contended that for the purposes of this appeal, his situation is identical.

The State presents the same arguments here that it did in *Warren*. Specifically, *Guder* is wrongly decided and the district court had authority to resentence under *State v. Morningstar*, 299 Kan. 1236, 329 P.3d 1093 (2014). The State buttresses this argument by stating that all parties believed the district court had authority to resentence on all counts, which was why Moore filed a motion for downward departures. But this last claim is factually inaccurate. As mentioned, Moore only requested the downward

departures in the alternative. He specifically contested the district court's jurisdiction to modify the nonvacated sentences in a filed motion and again at the resentencing hearing. While the State notes in its brief that *Warren* was under review and addressed the same issues, it did not respond to Moore's 6.09 letter.

We conclude the State's remaining arguments are identical to those we recently rejected in *Warren*. See 307 Kan. at 613-15 (upholding *Guder*, distinguishing *Morningstar*, and ultimately vacating and remanding with directions). Because the underlying facts and the legal arguments here are the same for Moore and his co-defendant Warren, *Warren* controls. So we again must conclude the district court erred.

We vacate the sentence in part and remand for resentencing. We order the original 195-month and 155-month concurrent sentences for second-degree murder and attempted first-degree murder, respectively, to be reinstated and to run concurrent with the new hard 25 sentence for premeditated first-degree murder.