NOT DESIGNATED FOR PUBLICATION

No. 123,246

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOHN DAVID MCCONNELL,
*Appellant*,

v.

STATE OF KANSAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sumner District Court; R. SCOTT MCQUIN, judge. Opinion filed October 1, 2021.
Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS and ISHERWOOD, JJ.

PER CURIAM:  In 2010, a jury convicted John David McConnell of six drug-related
offenses. After his convictions were affirmed on appeal, McConnell filed a K.S.A. 60-
1507 motion alleging numerous claims of ineffective assistance of counsel. The district
court held an evidentiary hearing on two of the claims as requested by the parties and
summarily dismissed the other claims. After hearing the evidence, the district court also
denied relief on the two claims that were the subject of the hearing. McConnell then
appealed.

1

In this first appeal arising out of his K.S.A. 60-1507 motion, a panel of our court affirmed the district court's denial of the two issues on which it had conducted an evidentiary hearing. But the panel vacated the summary dismissal of the other claims and remanded the matter to the district court for new or additional findings of fact and conclusions of law in compliance with Kansas Supreme Court Rule 183(j) (2021 Kan. S. Ct. R. 239). In addition, the panel left it to the district court's discretion as to whether another evidentiary hearing was needed.

On remand, the district court entered Additional Findings of Fact and Conclusions of Law. In once again summarily dismissing McConnell's remaining claims, the district court also found that no additional evidentiary hearing was necessary. In this appeal, McConnell contends that the district court did not follow the mandate of our court on remand. McConnell also contends that the district court erred by summarily dismissing his claim that his trial counsel was ineffective by failing to present certain evidence in support of his defense. Finding no error, we affirm the district court.

FACTS

In McConnell's direct appeal, a panel of our court affirmed his convictions and summarized the underlying facts. See *State v. McConnell*, No. 110,813, 2015 WL 3514001, at *1 (Kan. App. 2015) (unpublished opinion) (*McConnell I*). We will not repeat those facts relating to McConnell's convictions in this opinion. Rather, we will refer to the underlying facts as necessary in the analysis section of our opinion.

After the Kansas Supreme Court denied his petition for review and a mandate was issued in his direct appeal, McConnell filed a timely pro se K.S.A. 60-1507 motion. The motion was assigned to the same district court judge who had presided over McConnell's jury trial, and he appointed an attorney to represent McConnell in pursuing the motion. In his K.S.A. 60-1507 motion, McConnell made more than 30 claims of ineffectiveness of

counsel and the State filed a 40-page response. In the State's response, it requested that McConnell's claims be summarily dismissed.

At a pretrial conference, McConnell's attorney requested that the district court set an evidentiary hearing on two of his client's claims of ineffectiveness of counsel. Although McConnell's attorney stated that his client was not abandoning the other claims asserted by his client, he did not request an evidentiary hearing on those claims. At the end of the pretrial conference, the district court summarily dismissed the claims on which an evidentiary hearing was not requested. Following the evidentiary hearing—at which McConnell's trial counsel testified—the district court denied the two remaining claims.

On appeal, a panel of our court affirmed the denial of McConnell's K.S.A. 60-1507 motion on the two claims on which the district court conducted an evidentiary hearing. But the panel vacated the summary dismissal of the other claims because the district court had not made findings of fact and conclusions of law as to them. As a result, the panel remanded the matter to the district court with directions "to make new or additional findings of fact and conclusions of law regarding the reasons for summary disposition in compliance with Kansas Supreme Court Rule 183(j)." *McConnell v. State*, No. 121,592, 2020 WL 2089717, at *6 (Kan. App. 2020) (unpublished opinion) (*McConnell II*).

On remand, the district court acknowledged the mandate issued by our court and entered Additional Findings of Fact and Conclusions of Law. In doing so, the district court candidly recognized that although it had intended to incorporate the State's response to McConnell's K.S.A. 60-1507 motion as its findings of fact and conclusion of law in support of summary dismissal of the remaining claims, it had failed to do so. As a result, the district court explained that it "now incorporates 'State's Answer and Response to Motion to Vacate, Set Aside, or Correct the Sentence' in full as the findings and conclusions of the court in regard to the plaintiff's claims summarily dismissed at the pre-

3

trial conference." The district court also concluded that there was "no need for further evidence to resolve these issues."

In its order, the district court also addressed McConnell's claims that his trial counsel was ineffective for failing to call John Tally as witnesses at trial. In addressing this claim, the district court judge recalled that trial counsel had argued at trial that Tally "was the manufacturer of the methamphetamine for which McConnell was charged." The district court also determined that "[t]here were facts in evidence to support that argument without calling either Tally or McConnell to testify."

Moreover, the district court found that Tally was incarcerated in an Oklahoma prison at the time of McConnell's trial and concluded that Tally "would not have been a reliable or credible witness for either the state or the defense." The district court also cited the following testimony presented by McConnell's trial counsel at the evidentiary hearing held on McConnell's K.S.A. 60-1507 motion:

> "My approach to this trial was to put John Tally on trial. How did John Tally go from a passenger in a vehicle being stopped over in Cowley County to becoming a participant in a search warrant over here in Sumner County? He never said that John was manufacturing. He pointed out all these items in the bar[n]. Well, how could this guy come up with all the knowledge if he's not there? And, as John indicated, his theory was, well, John Tally is using my barn to cook this stuff, and I don't know it. If I had [called] John Tally to testify, it may have blown that up on me. . . . For example, he could of said, 'Well, the reason I know the contents is in the jar and where it's at is because that's where John McConnell put it.'" *McConnell II*, 2020 WL 2089717, at *5.

After citing the testimony of McConnell's trial counsel, the district court found that "[c]alling Tally to testify would have created an unnecessary risk for the defense." Likewise, the district court found that "[t]he decision not to call Tally was strategically

4

sound." As a result, the district court determined that McConnell's trial counsel was not ineffective for failing to call Tally as a witness at trial.

Next, the district court addressed McConnell's claim that his trial counsel should have called him as a witness to testify on his own behalf at trial. In concluding that trial counsel's recommendation to McConnell that he should not testify at trial was "strategically sound," the district court found that "McConnell had already hurt his case by writing a letter from jail directly to the prosecutor in which he made admissions that were used against him at trial." The district court also found that McConnell's "self-serving testimony accusing Tally would have had little credibility, and [would have] likely carried little weight with the jury."

ANALYSIS

*Compliance with Mandate*

On appeal, McConnell first contends that the district court failed to comply with our court's mandate in *McConnell II*, 2020 WL 2089717, at *3, 6. Specifically, McConnell argues that the district court "sidestepp[ed]" the panel's directive "to make new or additional findings of fact and conclusions of law regarding the reasons for summary disposition in compliance with Kansas Supreme Court Rule 183(j)." Whether the district court's findings of fact and conclusions of law comply with Supreme Court Rule 183(j) is a question of law that is reviewed de novo. See *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009). Similarly, our review of whether a district court complied with a mandate issued by our court is unlimited. *State v. Moore*, 309 Kan. 825, Syl. ¶ 2, 441 P.3d 22 (2019).

Kansas Supreme Court Rule 183(j) requires a district court to make findings of fact and conclusions of law supporting its decisions when it summarily denies a K.S.A.

5

60-1507 motion. *Breedlove v. State*, 310 Kan. 56, 60, 445 P.3d 1101 (2019). "The purpose of this requirement is to assist the appellate court in conducting meaningful review," so that we are not "'left guessing' as to the district court's rationale for denial of a postconviction motion." *Breedlove*, 310 Kan. at 60 (citing *State v. Moncla*, 269 Kan. 61, 65, 4 P.3d 618 [2000]). So, we must determine whether the district court adequately complied with the mandate of our court and whether its additional findings of fact and conclusions of law are sufficient for us to conduct meaningful review. 310 Kan. at 60.

Here, it is undisputed that the district court has now adopted the State's answer and response to McConnell's K.S.A. 60-1507 motion as its findings of fact and conclusions of law. In addition, the district court made new findings and conclusions in its order on remand addressing trial counsel's failure to call Tally as a witness and by recommending to McConnell that he not testify on his own behalf at trial. The district court also made new findings and conclusions about a lesser included instruction for attempted manufacture of methamphetamine that is not material to the issues presented in this appeal.

By incorporating the State's answer, the district court has endorsed the statement of facts and legal arguments set forth in the State's answer and response in support of its summary denial of the claims remanded by our court for further consideration. As our Supreme Court found in *Breedlove*, "although we have frowned on the practice of a district court adopting a party's findings in their entirety, we have declined to adopt a bright-line rule that to do so is automatic error." 310 Kan. at 60 (citing *Stone v. City of Kiowa*, 263 Kan. 502, 505-06, 950 P.2d 1305 [1997]). Thus, although the procedure followed by the district court on remand may not be the best practice, we conclude that it is sufficient to comply with the requirements of Kansas Supreme Court Rule 183(j) as well as with the mandate of our court in *McConnell II*, 2020 WL 2089717, at *6.

*Summary Dismissal of Remaining Claims*

Next, McConnell contends that the district court's additional findings of fact do not support its conclusions of law. Although McConnell's claims have morphed several times since his K.S.A. 60-1507 motion was first filed, it appears that his current argument is that he is entitled to an evidentiary hearing on his claim that trial counsel was ineffective for not presenting evidence at trial to support his defense that Tally was the one who actually manufactured methamphetamine on his property.

As reflected above, McConnell has abandoned his claim that the district court should have given a lesser included instruction on attempted manufacture of methamphetamine. Furthermore, we find all of the other claims of ineffectiveness of counsel that were asserted in McConnell's K.S.A. 60-1507 motion that were summarily dismissed have been waived or abandoned. See *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019).

When the district court summarily dismisses a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. See *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). The right of an accused to have assistance of counsel for his or her defense is guaranteed by the Sixth Amendment to the United States Constitution and applies to state proceedings under the Fourteenth Amendment. See *Miller v. State*, 298 Kan. 921, 929, 318 P.3d 155 (2014). In reviewing an ineffective assistance of counsel claim, we apply the test developed in *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). See also *State v. Phillips*, 312 Kan. 643, 676, 479 P.3d 176 (2021) (applying the *Strickland* test).

To prevail under the *Strickland* test, a defendant must show both that his or her legal representation "fell below an objective standard of reasonableness" guaranteed by

the Sixth Amendment and that without the ineffectiveness of counsel there is "a reasonable probability" that the outcome of the trial would have been different. 466 U.S. at 687-88, 694. In other words, under the *Strickland* test, a defendant must prove both a denial of constitutionally adequate legal representation and sufficient prejudice caused by the inadequate representation.

Judicial scrutiny of trial counsel's performance is highly deferential and criticism in hindsight must be tempered. See *Fuller v. State*, 303 Kan. 478, 488, 363 P.3d 373 (2015). A reviewing court must presume that counsel's conduct fell within the diverse range of reasonable professional assistance. See *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). An attorney's representation of a criminal defendant should rarely be considered to be ineffective where deliberate strategic decisions were made from potentially suitable options. See *Strickland*, 466 U.S. at 690-91.

Even so, an ineffective assistance of counsel claim fails if the defendant cannot establish sufficient prejudice to the outcome of the case. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697; see *Edgar v. State*, 294 Kan. 828, 843-44, 283 P.3d 152 (2012). For that reason, even if a criminal defendant's legal representation was inadequate, a defendant has no right to relief if the result would not have been different with effective counsel.

Although the above principles guide our decision, we recognize that they are not mechanical rules. Ultimately, our focus must be on the defendant's right to fundamental fairness in the proceeding. *Strickland*, 466 U.S. at 696. At the same time, we recognize that a criminal defendant "is entitled to a fair trial but not a perfect one." *State v. Cruz*, 297 Kan. 1048, 1075, 307 P.3d 199 (2013).

Here, a review of the record reveals that McConnell's trial counsel testified at the evidentiary hearing held on McConnell's K.S.A. 60-1507 motion. Significantly, he testified as follows about his decision not to call Tally as a witness at trial:

"Q. Did you ever have any intention of calling Mr. Tally to the stand?

"A. No.

"Q. Okay . . . Why would you or why wouldn't you want to call Mr. Tally?

"A. The risk is that John Tally would go off and pin everything on Mr. McConnell.

. . . .

"Q. My question was, knowing what came out at the trial regarding Keith Bristor's testimony, that John Tally pointed out this jar, okay, would cross-examining John Tally have helped? Now, I know you said prior to knowing whether or not that was coming out you're not going to put John Tally on the stand, is what I understood.

"A. That's correct.

"Q. But now hearing that statement come out before the jury, would that have changed your opinion on whether or not John Tally should be cross-examined?

"A. No.

"Q. Why is that?

"A. My approach to this trial was to put John Tally on trial. How did John Tally go from a passenger in a vehicle being stopped over in Cowley County to becoming a participant in a search warrant over here in Sumner County? He never said that John was manufacturing. He pointed out all these items in the bar[n]. Well, how could this guy come up with all the knowledge if he's not there? And, as John indicated, his theory was, well, John Tally is using my barn to cook this stuff, and I don't know it. If I had [called] John Tally to testify, it may have blown that up on me.

"Q. Okay. Because you believed that Tally may have said—may have made specific accusations that Mr. McConnell was responsible for these items?

"A. For example, he could of said, "Well, the reason I know the contents is in the jar and where it's at is because that's where John McConnell put it." *McConnell II*, 2020 WL 2089717, at *4-5.

9

In determining that trial counsel's decision not to call Tally was "strategically sound," the district court judge relied on this testimony as well as on his own recollection of McConnell's trial. Specifically, the district court explained:

> "As the presiding judge at McConnell's criminal trial in the district court, I recall that his criminal trial counsel, Mike Brown, did argue that another person, John Tally, and not McConnell, was the manufacturer of the methamphetamine for which McConnell was charged. There were facts in evidence to support that argument without calling either Tally or McConnell to testify. Tally was serving time in prison in Oklahoma at the time of trial. He would not have been a reliable or credible witness for either the state or the defense . . . . Calling Tally to testify would have created an unnecessary risk for the defense. The decision not to call Tally was strategically sound."

In reality, the district court did receive evidence on the issue of whether McConnell's trial counsel was ineffective for failing to call Tally as a witness at trial. When we review the denial of an ineffective assistance claim after an evidentiary hearing, we must accept the district court's findings of fact to the extent that they are supported by substantial competent evidence. But we exercise unlimited review of the determinative legal issues. See *Bellamy v. State*, 285 Kan. 346, 355, 172 P.3d 10 (2007).

Based on our review of the record, we find the testimony of McConnell's trial counsel to constitute substantial competent evidence to support the district court's conclusions about the strategic soundness of his decision not to call Tally as a witness. Moreover, we find that the decision not to call Tally was a strategic decision that McConnell's trial counsel had discretion to make. See *State v. Butler*, 307 Kan. 831, 853-54, 416 P.3d 116 (2018). Nor do we find that McConnell's right to a fair trial was prejudiced by trial counsel's decision not to call Tally as a witness.

As for the claim that trial counsel was ineffective for not calling McConnell to testify on his own behalf, the district found:

"Likewise, the decision not to call McConnell to the witness stand was also strategically sound. Criminal defendant's rarely help their case by testifying. This case was no exception to the rule. McConnell had already hurt his case by writing a letter from jail directly to the prosecutor in which he made admissions that were used against him at trial. His self-serving testimony accusing Tally would have had little credibility, and likely carried little weight with the jury. The prosecutor in the criminal trial was able and experienced. It is unlikely that McConnell would have withstood cross-examination."

As our Supreme Court has held, "[a] criminal defendant's decision whether to testify must not be left up to the lawyer; it is not a matter of mere trial strategy." *State v. Brown*, 305 Kan. 413, 427, 382 P.3d 852 (2016). In this case, the record reveals that the district court specifically inquired of McConnell at trial about whether he desired to testify. In responding to the district court's inquiry, McConnell stated, "On my attorney's advi[c]e, I'm declining to testify." *McConnell II*, 2020 WL 2089717, at *5.

We find it significant that McConnell does not contend in this appeal that his trial counsel failed to adequately consult with him before he decided whether to waive his right to testify at trial. Likewise, he does not contend that he was coerced, misled, or otherwise compelled to waive his right to testify in his own defense. Nor has McConnell presented an affidavit or otherwise proffered what his testimony would have been had he testified at trial.

To be entitled to an evidentiary hearing on this claim, McConnell "must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record. [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). A review of the record reveals that McConnell's claims are conclusory and not supported by the record on appeal. Thus, McConnell has failed to show that he was prejudiced by his trial counsel's recommendation that he should not testify at trial.

We also find it to be significant that the district court judge who presided over the trial of this case also ruled on McConnell's K.S.A. 60-1507 motion. See *Gilkey v. State*, 31 Kan. App. 2d 77, 78, 60 P.3d 351 (2003). As our Supreme Court has observed, the performance of trial counsel "can best be evaluated by the judge who presided at trial." *Wilkins v. State*, 286 Kan. 971, 988, 190 P.3d 957 (2008). Furthermore, based on our review of the record, we find that McConnell fails under both prongs of the *Strickland* test. McConnell fails to establish that his trial counsel's performance was deficient or that the alleged deficiencies prejudiced his defense in any way. Accordingly, we affirm the district court.

Affirmed.