NOT DESIGNATED FOR PUBLICATION

No. 127,018

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KHALIL S. WARD,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed March 21, 2025. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before MALONE, P.J., SCHROEDER and CLINE, JJ.


PER CURIAM: Khalil S. Ward appeals the district court's decision to not award him an additional 389 days of jail time credit after already receiving 389 days of jail credit in a different case that was ordered to run consecutive to the pending case. Because K.S.A. 2024 Supp. 21-6615(a)(1) and Kansas Supreme Court caselaw provide that a defendant is not entitled to duplicative jail time credit toward consecutive prison sentences imposed in multiple cases, we affirm the court's decision.

1

FACTUAL AND PROCEDURAL BACKGROUND

Ward pled guilty pursuant to a plea agreement to one count of distributing a controlled substance, a severity level 2 offense in case number 22-CR-1130. The district court imposed a presumptive prison sentence of 117 months and ordered the sentence to run consecutive to another criminal case, case number 18-CR-2153. The journal entry in case 22-CR-1130 acknowledged that Ward served 389 days in Sedgwick County Jail but he was not awarded credit for those days against this sentence in that case. Instead, it noted: "For dates above not awarded, defendant was also held on 18CR2153. As this case is consecutive to 18CR2153, defendant is not eligible for duplicate credit for these dates in 22CR1130."

Ward now appeals the district court's failure to award him jail credit in case 22-CR-1130.

REVIEW OF WARD'S APPELLATE CHALLENGE

Ward argues he should have received 389 days of jail credit in this case for time spent in jail pending sentencing, even though he was awarded that time in case 18-CR-2153. He believes that the plain language of K.S.A. 2024 Supp. 21-6615(a)(1), as interpreted by *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023), entitles him to this additional time.

*Preservation*

Ward contends he preserved his jail time credit argument for appellate review because he asked the district court about jail credit below. At his plea hearing, he asked the court, "I had asked my attorney if the time that I was charged with in the 21—with the 22 case, from that moment to now, do I get jail credit for that?" When the district court

explained to him that "you will receive the credit in [18-CR-2153], but not this case," Ward replied, "Yes, sir."

On appeal, Ward believes that he preserved the issue because "[f]ormal exceptions to rulings or orders of the court are unnecessary," so long as "a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take." K.S.A. 22-3417. But Ward simply asking the court *if* he receives jail credit in case 22-CR-1130 does not make it known to the court that he *wants* jail credit. And when the court told him that he would not receive jail credit in the pending matter, Ward did not object. Instead, he agreed with the court.

Generally, issues not raised to the district court cannot be raised on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). There are limited exceptions to this rule. These exceptions permit parties to raise an issue for the first time on appeal. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). The exceptions are:

> "(1) [T]he newly asserted theory involves 'only a question of law arising on proved or admitted facts and the issue is finally determinative of the case'; (2) 'resolution of the question is necessary to serve the ends of justice or to prevent denial of fundamental rights'; and (3) the district court reached the right result for the wrong reason." 309 Kan. at 995 (quoting *Trotter v. State*, 288 Kan. 112, 124-25, 200 P.3d 1236 [2009]).

Ward asserts that the first two exceptions are met. First, since Ward does not dispute any facts, he contends all that is left is to decide, as a matter of law, is whether the disputed time should be credited to one or both of his cases. Second, Ward contends our consideration of the merits of this issue is necessary to protect his fundamental right to liberty. "Imprisonment . . . obviously impairs the right to liberty." *Hodes & Nauser, MDs, P.A. v. Schmidt*, 309 Kan. 610, 672, 440 P.3d 461 (2019). And if Ward is subjected "to a longer sentence without a legal basis [that] would be a miscarriage of justice." *State v.*

*Williams*, 311 Kan. 88, 94, 456 P.3d 540 (2020). We agree that both preservation exceptions apply and therefore find we can reach the merits of this issue.

*Standard of review*

Since this issue involves a question of law and the material facts are undisputed, our review is unlimited. *State v. Moore*, 309 Kan. 825, 828, 441 P.3d 22 (2019); *State v. Wheeler*, No. 127,241, 2025 WL 24833, at *2 (Kan. App. 2025) (unpublished opinion), *petition for rev. filed* February 3, 2025.

*Ward is not entitled to duplicative jail time credit.*

The right to jail time credit in Kansas is controlled by K.S.A. 2024 Supp. 21-6615. The statute provides:

> "In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing the defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established to reflect and shall be computed as an allowance for the time that the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 2024 Supp. 21-6615(a)(1).

Ward asserts K.S.A. 2021 Supp. 21-6615(a) controls since the offenses he committed occurred in September 2021. Since K.S.A. 2021 Supp. 21-6615(a) is identical to K.S.A. 2024 Supp. 21-6615(a)(1), we need not address this issue, nor does it impact our analysis.

For decades, the Kansas Supreme Court interpreted K.S.A. 21-6615(a) to mean that defendants could only receive jail time credit when they were being held *solely* on

the crime charged. See *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019); *Campbell v. State*, 223 Kan. 528, 528-31, 575 P.2d 524 (1978). But the Supreme Court overruled this long-standing precedent in *Hopkins*, where it held: "A defendant is entitled to jail time credit against his or her sentence for all time spent incarcerated while the defendant's case was pending disposition." 317 Kan. 652, Syl.

*Hopkins* dealt with only one sentence and applied jail credit that related only to that one sentence. 317 Kan. at 652. It therefore does not address scenarios such as Ward's, where a defendant is ordered to serve consecutive sentences in multiple cases. But our court recently dealt with this nuance in *State v. Feikert*, 64 Kan. App. 2d 503, 506, 553 P.3d 344 (2024), *petition for rev. filed* August 12, 2024. In that case, we held that "a defendant is not entitled to duplicative jail credit toward consecutive prison sentences imposed in multiple cases." 64 Kan. App. 2d at 510.

*Feikert* reached this conclusion after reviewing caselaw outside of *Hopkins*. It noted that in *State v. Lofton*, 272 Kan. 216, 32 P.3d 711 (2021), the Kansas Supreme Court "held that a defendant who receives consecutive prison sentences is only entitled to credit toward one of those sentences—not both." *Feikert*, 64 Kan. App. 2d at 508. Ward's argument on appeal runs directly against *Lofton*'s rule that a defendant should receive one day of credit, not multiple days, toward a controlling prison sentence for every day spent in jail. 272 Kan. at 217-18. Next, in *State v. Davis*, 312 Kan. 259, 287, 474 P.3d 722 (2020), which involved consecutive sentences in multiple cases, the Kansas Supreme Court explained that when "consecutive sentences are imposed in separate cases, the defendant is still only entitled to a single day of jail time credit for each day spent in jail." 312 Kan. at 287. That is, "'[j]ail credit awarded in two cases for the same dates can only be counted once when sentences are run consecutively.'" 312 Kan. at 287. Thus, once jail credit is counted against one sentence, it cannot be applied to another, consecutive sentence. 312 Kan. at 288. And as we explained in *Feikert*: "Nothing in *Hopkins* suggests that the Kansas Supreme Court intended that decision to modify *Davis*' rule that

5

prohibits duplicative credit in instances where a defendant receives consecutive sentences in multiple cases." *Feikert*, 64 Kan. App. 2d at 509. Ward provides no argument or authority to the contrary.

*Feikert* has been followed by several panels from this court. See *Wheeler*, 2025 WL 24833, at *2; *State v. Mills*, No. 127,057, 2024 WL 4799513, at *3-4 (Kan. App. 2024) (unpublished opinion), *petition for rev. filed* December 16, 2024; *State v. Price*, No. 126,481, 2024 WL 4717626, at *5-6 (Kan. App. 2024) (unpublished opinion), *petition for rev. filed* December 6, 2024; *State v. Miner*, No. 126,647, 2024 WL 4471140, at *2-3 (Kan. App. 2024) (unpublished opinion), *petition for rev. filed* November 1, 2024; *Ridge v. Kansas Dept. of Corrections*, No. 126,654, 2024 WL 4314711, at *2-4 (Kan. App. 2024) (unpublished opinion) *petition for rev. filed* October 3, 2024; *State v. Beeson*, No. 126,887, 2024 WL 3912942, at *2-3 (Kan. App. 2024) (unpublished opinion).

Ward fails to acknowledge *Feikert*'s rule until his reply brief. He asserts that *Feikert* runs contrary to the plain language of K.S.A. 2024 Supp. 21-6615(a)(1) and a recent amendment to the statute. Given that K.S.A. 2024 Supp. 21-6615(a)(1) does not read that a defendant should be awarded jail credit "'for the time which the defendant has spent incarcerated pending the disposition of the defendant's case,' *unless it is applied to another case*," Ward believes jail time credit should be awarded to multiple cases if they run consecutive.

There is no statutory authority to support Ward's argument that he should be given credit for the 389 days in both of his cases. K.S.A. 2024 Supp. 21-6615(a)(1) demands that a court calculate a defendant's sentence with an "allowance for the time that the defendant has spent incarcerated." The Supreme Court explained in *Hopkins* that this allowance entitles defendants to reduce the time they spend in prison by an equivalent amount of time that they spent in jail before the prison sentence was imposed. "It does not mean that a defendant is entitled to a duplicative credit for time spent in jail awaiting

6

disposition of criminal charges against multiple cases. Such a rule would defy common sense, as it would grant a windfall to defendants who commit multiple offenses in separate cases." *Feikert*, 64 Kan. App. 2d at 509.

Ward's argument concerning the statute's recent amendment is similarly unconvincing. The amendment adds that when computing the defendant's sentence, "[a]ny time awarded as credit in another case when consecutive sentences are imposed on a defendant" must not be considered time spent incarcerated pending the disposition of their case. K.S.A. 2024 Supp. 21-6615(a)(2)(A). Ward argues that the amendment's addition which "state[s] that credit will be applied to only one sentence in a string of consecutive sentences," means "the legislature has acknowledged that the earlier version of the statu[t]e demanded something else." The defendant in *Price*, 2024 WL 4717626, at *6, made a similar argument that the amendment signals the previous version of the statute allowed for duplicative jail credit. But as in *Feikert* and *Price*, Ward is not arguing the statutory amendment applies to him. See *Feikert*, 64 Kan. App. 2d at 509-10; *Price*, 2024 WL 4717626, at *6. And if anything, the holding in *Feikert* and *Hopkins* is consistent with the recent amendments to K.S.A. 21-6615, which took effect on publication in the Kansas Register on May 23, 2024. See K.S.A. 21-6615, as amended by L. 2024, ch. 96, §§ 7, 13. As we explained in *Feikert*:

> "The amended statute states that a person's release date must be determined based on 'an allowance for the time that the defendant has spent incarcerated pending of the disposition of the defendant's case,' and—consistent with *Hopkins*—a defendant is 'entitled to have credit applied for each day spent incarcerated.' K.S.A. 21-6615(a)(1) (amended 2024). The statute further clarifies—consistent with our holding here—that courts should not include in that calculation '[a]ny time awarded as credit in another case when consecutive sentences are imposed on a defendant.' K.S.A. 21-6615(a)(2)(A) (amended 2024)." 64 Kan. App. 2d at 509.

We agree the amended statute is consistent with *Hopkins* and *Feikert*.

Although *Feikert* is persuasive, Ward still believes that two other cases support his jail credit argument. In *State v. Brown*, No. 125,797, 2023 WL 8521389, at *3 (Kan. App. 2023) (unpublished opinion), this court applied *Hopkins* and found "that because Brown spent a total of 36 days in jail while Case 1 was pending, he must be awarded 36 days in jail time credit against his sentence." Similarly, in *State v. Breese*, No. 125,837, 2023 WL 8520792, at *3 (Kan. App. 2023) (unpublished opinion), this court found: "Applying *Hopkins* here leads to an obvious result. Breese must be awarded 523 days of jail time credit against his convictions and sentences in this case because he was detained on them through the sentencing hearing." Neither case, however, states that consecutive sentences were imposed in the separate cases. See generally, *Feikert*, 64 Kan. App. 2d 503, Syl. ¶ 1; *Brown*, 2023 WL 8521389; *Breese*, 2023 WL 8520792. This is a critical distinguishing factor between *Feikert* and *Hopkins*.

Here, as in *Feikert*, Ward was held in jail while waiting for the disposition of his cases. After receiving 389 days of jail time credit against the sentence in case 18-CR-2153, Ward now seeks to be awarded that same credit again against his sentence in case 22-CR-1130. Because he has already received an allowance of jail time credit for those 389 days that he spent incarcerated, his argument must fail.

Affirmed.