NOT DESIGNATED FOR PUBLICATION

No. 128,605

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PAUL ANDREW VASQUEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Rice District Court; STEVEN JOHNSON, judge. Submitted without oral argument. Opinion filed February 13, 2026. Sentence vacated in part and case remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Remington S. Dalke*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., HURST and BOLTON FLEMING, JJ.

PER CURIAM: Paul Andrew Vasquez challenges the district court's jail credit calculation following the revocation of his probation. He argues that he is entitled to additional credit for the period he was incarcerated while his probation violation hearing was pending, even though that time was also credited in a separate case.

Under K.S.A. 21-6615(a) and the Kansas Supreme Court's decision in *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025), a defendant is entitled to one day of jail credit for each day he was incarcerated pending disposition of the case, even if the same days were credited in another case. The district court erred in limiting Vasquez' jail credit to 55

1

days. We vacate the jail credit portion of Vasquez' sentence and remand for recalculation of jail credit consistent with *Ervin*.

FACTUAL AND PROCEDURAL BACKGROUND

On December 15, 2022, Paul Andrew Vasquez was convicted by a jury in 21CR82 for possession of methamphetamine, obstruction of apprehension or prosecution, and possession of drug paraphernalia. The district court sentenced Vasquez to 42 months in prison, but granted Vasquez a dispositional departure, suspended his sentence, and placed him on 24 months of probation.

On July 27, 2023, the State filed a violation report alleging that Vasquez violated his probation. The attached affidavit alleged that Vasquez failed to appear for two drug tests, failed to participate in substance-abuse treatment, and failed to report to his intensive supervision officer on multiple occasions. On September 29, 2023, the State filed an amended violation report recommending the court revoke his probation. The attached affidavit included additional allegations asserting that Vasquez failed to report and had committed new criminal offenses while on probation.

The new offense allegations stemmed from an incident on September 2, 2023, and Vasquez was charged in a separate criminal case—23CR92—because of that incident. In his second case, Vasquez was convicted of aggravated battery of a law enforcement officer. The district court sentenced Vasquez to 154 months in prison and ordered his sentence to run consecutive to his sentence in the first case. In the second case, the district court awarded jail credit from the date of Vasquez' arrest on September 27, 2023, to the sentencing date of September 17, 2024, for a total of 356 days.

On November 6, 2024, shortly after Vasquez' sentencing in the second case, the district court conducted a probation violation hearing in Vasquez' first case. At the

2

hearing, Vasquez stipulated to the alleged probation violation that he had committed a new crime. The court revoked probation, ordered Vasquez to serve his 42-month prison sentence, and awarded Vasquez 55 days of jail credit.

The journal entry from Vasquez' probation violation hearing in the first case (21CR82) includes the dates the district court included in its calculation of jail credit:

- September 27, 2021, to October 1, 2021 (4 days)
- August 3, 2023, to August 3, 2023 (1 day)
- September 17, 2024, to November 6, 2024 (50 days)
  TOTAL: 55 days

Vasquez now argues that the district court erred by failing to award him additional jail credit for the period he spent incarcerated after the State filed amended probation-violation allegations and before the probation violation hearing. Vasquez timely appeals.

ANALYSIS

DID THE DISTRICT COURT ERR WHEN AWARDING JAIL CREDIT?

*Preservation*

Vasquez acknowledges that he did not raise the issue of jail time credit before the district court. We may still consider Vasquez' argument on appeal if (1) the issue involves a purely legal question arising from admitted or undisputed facts and is determinative of the case; (2) consideration of the issue is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the district court was correct for the wrong reason. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). Vasquez argues that his jail credit issue primarily involves a question of law and that it is necessary to serve the ends of justice or prevent the denial of fundamental rights. See

3

*State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). In its brief, the State takes no position on the issue of preservation. We find that under the facts of this case, the issue presented is a purely legal question arising from admitted or undisputed facts and is determinative of the case. We also find that consideration of the jail credit issue is necessary to serve the ends of justice and to prevent the denial of Vasquez' fundamental rights. We note that while Vasquez' appeal was pending, the Kansas Supreme Court decided *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025)—a case that resolves the issue here. Justice requires that we consider Vasquez' claim despite the lack of preservation in district court.

*Standard of Review*

The right to jail credit in Kansas is statutory. Statutory interpretation presents a question of law over which this court's review is unlimited. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). Additionally, this court's review of this issue is unlimited because the case involves a question of law arising on undisputed or admitted facts. *State v. Moore*, 309 Kan. 825, 828, 441 P.3d 22 (2019).

*The district court erred when awarding jail credit.*

The sole issue presented in this appeal is whether Vasquez should have received jail credit against his sentence in his first case—21CR82—even if the same days of jail credit had been awarded in his second case—23CR92.

Vasquez contends that K.S.A. 21-6615(a) requires the district court to award him jail credit in both cases for all the time he was incarcerated from the time the State filed an amended motion to revoke probation until the probation violation hearing. Vasquez remained incarcerated as the result of this amended motion to revoke probation and an accompanying warrant beginning on approximately September 28, 2023. He remained

incarcerated until his probation violation hearing on November 6, 2024. The district court only awarded Vasquez credit for the days he was incarcerated *after* he was sentenced in his second case on September 17, 2024, and ended the calculation on November 6, 2024, after his probation violation hearing. The difference in these two calculations is significant—if Vasquez is correct, he is owed approximately 354 days of additional credit.

Vasquez' right to jail credit is controlled by K.S.A. 2021 Supp. 21-6615(a), which states:

"In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 2021 Supp. 21-6615(a).

Prior to *Ervin*, Kansas appellate courts interpreted this language to mean that defendants could only receive credit if they were not being confined for any other pending case or sentence. See *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019). However, this interpretation of K.S.A 2021 Supp. 21-6615(a) changed with the Kansas Supreme Court's decision in *Ervin*, which controls the decision in this case.

In *Ervin*, the Kansas Supreme Court held that K.S.A. 21-6615(a) requires "a district court to award [credit] for all time spent [in jail] 'pending the disposition of the defendant's case.'" 320 Kan. 311. Further, the Supreme Court provided clarity as to the statute's ability to compel an award of one day of jail credit for "each day that [a defendant] was incarcerated pending disposition of [a criminal] case regardless of

5

whether [the defendant had] received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12. Therefore, Vasquez is entitled to one day of jail credit in his case for the days he spent incarcerated pending disposition even if he received credit in another case. See 320 Kan. at 311-12.

The State's assertion regarding the consequence of this interpretation of K.S.A. 2021 Supp. 21-6615(a) is acknowledged. The State argues that applying *Ervin* results in a windfall because Vasquez would receive duplicate credit already applied in another case. But *Ervin* expressly rejected concerns about perceived "double credit" and held that the statute requires credit for each day a defendant is incarcerated pending disposition of a case, even if that time is already credited elsewhere. 320 Kan. at 309-11.

We note that when Vasquez filed his brief, a motion for rehearing was pending in *Ervin* and the decision was yet to be final. However, on May 22, 2025, the motion for rehearing was denied and the mandate was issued on June 2, 2025. Because *Ervin* is now binding precedent, this court is bound to follow it. See *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022).

For these reasons, we find that *Ervin* controls the limited issue presented in this appeal. As such, we conclude that the district court erred in the amount of jail credit it awarded. We vacate the jail credit portion of the journal entry of judgment and remand to the district court for a determination of the appropriate amount of jail time credit to be awarded to Vasquez consistent with K.S.A 2021 Supp. 21-6615(a) and *Ervin*. We direct the district court to file an amended journal entry of judgment reflecting the correct jail credit.

Sentence vacated in part and case remanded with directions.