NOT DESIGNATED FOR PUBLICATION

No. 128,912

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DOMINIC L. VOELKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER ROUSH, judge. Submitted without oral argument. Opinion filed June 18, 2026. Vacated and remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., COBLE and PICKERING, JJ.

PER CURIAM: Dominic L. Voelker appeals the award of jail time credit in three cases, arguing he was not properly credited for the time he spent in custody pending the disposition of each case as required by *State v. Ervin*, 320 Kan. 287, 311-12, 566 P.3d 481 (2025). In accordance with Kansas Supreme Court precedent, we must agree. As a result, we vacate Voelker's sentence and remand this case for the proper award of jail credit by the district court.

1

FACTUAL AND PROCEDURAL BACKGROUND

After a string of crimes committed between September 2022 and January 2023, and the resulting criminal cases filed against him, Voelker agreed to plead guilty to one count of theft in case No. 23CR226 (Case 1); one count of burglary in case No. 23CR332 (Case 2); and one count of theft in case No. 23CR384 (Case 3). The parties' agreement outlined that all remaining counts in each case would be dismissed. The State agreed to recommend a 130-month prison sentence in Case 3 and 12-month sentences in each of Cases 1 and 2, which would run concurrent to each other but consecutive to Case 3 for a controlling 142-month prison sentence.

Voelker pleaded guilty as required by the plea agreement, and the State moved to dismiss the remaining charges. At the later sentencing hearing, the district court announced it would follow the plea agreement and sentenced Voelker to 130 months in prison on Case 3. The district court sentenced Voelker to 12 months of incarceration each in Case 1 and Case 2 and ordered the sentences in Cases 1 and 2 to run concurrent to one another. It ordered the sentence in Case 3 to run consecutive to Cases 1 and 2 "for a total prison term of 142 months."

Addressing jail time credit, the State informed the district court that Voelker had been in custody for 751 days on Case 1, 749 days on Case 2, and 737 days on Case 3 while awaiting sentencing. The district court determined Voelker was entitled to a total of 749 days of jail credit.

In Case 1, the journal entry of sentencing indicates an award of only 14 days of jail credit because Voelker was also held on Case 3. It correctly indicates the sentence in Case 1 runs consecutive to Case 3 and concurrent to Case 2.

2

The journal entry of sentencing in Case 2 shows an award of 749 days of jail credit and correctly indicates the sentence runs concurrent to the sentence in Case 1. But the journal entry incorrectly indicates the sentence in Case 2 also runs concurrent to the sentence imposed in Case 3.

Finally, in Case 3, the journal entry of sentencing shows an award of 737 days of jail credit. Like in Case 2, however, the journal entry incorrectly reflects that the sentence in Case 3 is to run concurrent with the sentence imposed in Case 2.

Voelker appeals the imposition of jail time credit.

ANALYSIS

Voelker's sole argument on appeal contests the court's award of jail time credit; however, he did not raise a jail credit claim at sentencing or object to the State's calculation of jail credit. Appellate courts generally do not address issues raised for the first time on appeal but may do so when an exception to the preservation rule applies. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). These exceptions include: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the district court was right for the wrong reason. 314 Kan. at 283.

Voelker acknowledges he did not preserve his jail credit argument but contends the issue is a question of law presented on admitted facts. And he notes that the Kansas Supreme Court applied this preservation exception to reach its decision in *Ervin*, 320 Kan. at 306. He is correct, and we will address the issue as a question of law which is determinative of the appeal.

3

Interpretation of a sentencing statute is a question of law, and our review is unlimited. *State v. Moore*, 309 Kan. 825, 828, 441 P.3d 22 (2019).

*The district court erroneously applied jail time credit.*

Voelker argues the district court erred in failing to credit him with jail credit for the time served awaiting the disposition of Cases 1 and 2. He contends that, while the sentences in Case 1 and Case 2 were ordered to run consecutive to the sentence in Case 3, the 751 days he spent incarcerated pending the disposition of Case 1 should have been credited to all three cases since this case was pending during his time in custody.

Applicable when Voelker committed his crimes in 2022 and 2023, K.S.A. 2022 Supp. 21-6615(a) stated, in relevant part:

> "(a) In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case."

In response to our Supreme Court's decision in *State v. Hopkins*, 317 Kan. 652, 657-59, 537 P.3d 845 (2023), the Legislature amended K.S.A. 21-6615 in 2024. This amendment added language codifying *Hopkins* in K.S.A. 2024 Supp. 21-6615(a)(1) and added K.S.A. 2024 Supp. 21-6615(a)(2), which states:

> "(2) When computing the defendant's sentence, the following shall not be considered time spent incarcerated pending disposition of the defendant's case:

(A) Any time awarded as credit in another case when consecutive sentences are imposed on a defendant; or

(B) any time spent incarcerated in another jurisdiction if no hold has been issued in such jurisdiction for the case being sentenced." K.S.A. 2024 Supp. 21-6615(a)(2).

Then, in *Ervin*, 320 Kan. at 307, 311-12, the Kansas Supreme Court interpreted K.S.A. 21-6615(a) "as worded when Ervin was sentenced" before the 2024 amendment to require one day of jail credit for "each day that [a defendant] was incarcerated pending disposition of [a criminal] case regardless of whether [the defendant] received an allowance for some or all that time against a sentence in another case."

Voelker argues the 2024 amendment to K.S.A. 21-6615(a) is not retroactive and that the allocation of his jail time credit is controlled by the previous version of the statute and *Ervin*. The State responds that K.S.A. 2024 Supp. 21-6615(a) applies.

A panel of this court recently addressed the issue of retroactivity in *State v. Mitchell*, 66 Kan. App. 2d 196, 203, 579 P.3d 970 (2025), *rev. granted* 321 Kan. 793 (2026). Our court noted that Kansas appellate courts have "long held" the sentencing statute in effect at the time a defendant committed a crime was the appropriate statute to use for sentencing the defendant and explained that courts presume a statute does not apply retroactively without statutory language clearly evidencing an intent to apply the statute retroactively. 66 Kan. App. 2d at 203-04.

In *Mitchell*, the defendant was held in jail pending disposition of two cases for crimes committed between January and August 2023. While Mitchell's convictions occurred before K.S.A. 2024 Supp. 21-6615 became effective, he was not sentenced until after the amendments to K.S.A. 21-6615 became effective. The district court applied the amended statute and awarded Mitchell 286 days of jail credit in one case and zero days of jail credit in the second case. Mitchell appealed.

5

On appeal, the State argued the Legislature intended the 2024 amendments to apply to all sentences imposed after the effective date of the statute. Mitchell suggested the 2024 amendments should only apply to crimes committed after the effective date of the amendments. 66 Kan. App. 2d at 203.

The panel concluded "that the legislature provided no indication that it intended the amended jail-credit statute to apply retroactively in any respect." 66 Kan. App. 2d at 204. After analyzing—and rejecting—the State's argument, the panel held the statute at the time of the commission of the crime applied and Mitchell was entitled to additional jail time credit for two reasons. First, the panel noted that the cases cited by the State to suggest the amendments should govern sentencing after the effective date of the amendments "involved instances where the legislature had reduced the burden on a criminal defendant at sentencing" instead of, as here, increasing the burden on the defendant. 66 Kan. App. 2d at 206. Second, the panel recognized that the Kansas Supreme Court "expressly declined to consider any arguments regarding the interpretation of the jail-credit statute beyond the statutory language" in *Ervin*, 320 Kan. at 306-07. *Mitchell*, 66 Kan. App. 2d at 206-07.

This case is procedurally similar to *Mitchell.* Voelker's crimes of conviction occurred in 2022 and January 2023. And, like Mitchell, Voelker was not sentenced until after the effective date of K.S.A. 2024 Supp. 21-6615. Here, the district court erred by awarding jail credit under K.S.A. 2024 Supp. 21-6615 because it was not effective when Voelker committed his crime. See *Mitchell*, 66 Kan. App. 2d at 207. Voelker's sentencing is instead governed by K.S.A. 2022 Supp. 21-6615(a). And, under *Ervin*, Voelker is entitled to jail credit for each day he was incarcerated pending disposition of each of his cases even if that results in duplicative credit. 320 Kan. at 311-12.

The State alternatively argues that both *Ervin* and *Hopkins* were wrongly decided. Even if this were true, we are duty bound to follow Kansas Supreme Court precedent

6

unless there is some indication that the Supreme Court is departing from its previous position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). As the State acknowledges, this court has no authority to overrule *Ervin* and *Hopkins*.

Voelker spent 751 days in jail pending the disposition of Case 1, 749 days in jail awaiting the disposition of Case 2, and 737 days pending the disposition of Case 3. Voelker is statutorily entitled to the proper credit toward each respective sentence of the time that he spent in custody awaiting sentencing, regardless of whether that credit was applied in a simultaneous consecutive case.

*Correction of the journal entries*

The parties agree that amendments to the journal entries are required to accurately reflect the sentences pronounced. A criminal pronouncement is effective upon pronouncement from the bench. *State v. Redick*, 317 Kan. 146, 147, 526 P.3d 672 (2023). A journal entry that imposes a sentence that varies from the sentence pronounced from the bench is erroneous and must be corrected to reflect the actual sentence imposed. *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012).

At the sentencing hearing, Voelker was sentenced to 12 months of imprisonment for Case 1 and 12 months of imprisonment in Case 2, and those sentences were to run concurrent to each other. Further, he was sentenced to 130 months of imprisonment in Case 3, which the district court ordered to run consecutive to the sentences for Cases 1 and 2, totaling a sum of 142 months of imprisonment.

As detailed above, the journal entry of sentencing for Case 2 mistakenly details that the sentence would run concurrent to the sentence in Case 3. And the journal entry in Case 3 states Voelker's sentence is to run concurrent to Case 2.

Because we must vacate the district court's determination of Voelker's jail time credit and remand this case for entry of amended journal entries of judgment crediting him with all the days he was incarcerated pending disposition of his cases, we direct the district court to also address the necessary corrections to the journal entries in Case 2 and Case 3 at that time.

Vacated and remanded with directions.